**Geoffrey Adam CALHOUN, Plaintiff,**

v.

**CITY OF KEEGO HARBOR, a Body Corporate, City of Keego Harbor Police Department, and Police Officer J. Beach, Defendants.**

**No. 90–72125.**

United States District Court,
E.D. Michigan, S.D.

Sept. 16, 1991.

---

**1474**

Seymour Hundley, Jr., Troy, Mich., for plaintiff Geoffrey Adam Calhoun.

Cummings McClorey Davis & Acho, P.C. by Eric D. Smith, Livonia, Mich., for defendants City of Keego Harbor, et al.

## ORDER GRANTING DEFENDANTS' 26 JULY 1991 MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

### INTRODUCTION AND BACKGROUND

Plaintiff filed the complaint in the instant matter on 23 July 1990. In count I of his complaint he alleges a 42 U.S.C. § 1983 claim against all defendants. The claim against defendant Officer Beach is, essentially, for excessive force. The claim against defendant City of Keego Harbor is, essentially, for failure to train. In count II of the complaint plaintiff alleges a state law claim of intentional infliction of emotional distress.

On 24 July 1987, at approximately 1:20 AM, plaintiff was driving along Orchard Lake Road near the intersection of Wards Pointe in Keego Harbor. At that time defendant Beach, an on-duty police officer operating a police department motorcycle, allegedly observed the plaintiff's vehicle approaching the intersection of Orchard Lake Road and Cass Lake Road at a fairly high rate of speed. Defendant Beach observed the plaintiff's vehicle stop at the red light. Defendant Beach pulled out onto Orchard Lake Road behind the plaintiff's vehicle.

When the light turned green, defendant Beach allegedly observed the plaintiff's vehicle accelerate quickly and heard the tires squeal. Defendant Beach testified at the plaintiff's criminal trial that the plaintiff's speed reached 64 miles an hour, which he measured against his own motorcycle speedometer.

Defendant Beach pulled the plaintiff over and approached the plaintiff's vehicle. Defendant Beach explained why he stopped the plaintiff and routinely requested plaintiff's license and registration for verification through the L.E.I.N. system. Defendant Beach testified during the criminal trial that he noted the plaintiff's reaction time seemed slow and that his words and speech were slow. Accordingly, he questioned the plaintiff regarding his consumption of alcohol that evening, and the plaintiff admitted that he had consumed some beer.

When defendant Beach returned to the plaintiff's vehicle, he handed back to the plaintiff his license and registration materials along with a citation for speeding and a citation for violating the local ordinance regarding the squealing of his tires. At that time, he noticed a bottle of gin on the floorboard of the plaintiff's vehicle and questioned the plaintiff further about this bottle and his alcohol consumption.

At this point defendants claim that plaintiff became agitated and threw the tickets and the bottle of gin into his trunk and slammed the lid down. Defendants claim the plaintiff then advised defendant Beach that he was not going to operate the vehicle anymore and that he was just going to leave it where it was and phone his father. At this point defendant Beach claims that the plaintiff began to walk away and that when defendant Beach put his right arm up to stop him and explain that he could not leave his car on the street, plaintiff took a swing at the officer. Subsequently, defendant Beach radioed for assistance and proceeded to "secure" the plaintiff.

Plaintiff, on the other hand, alleges in his response to the motion for summary judgment that he exited his vehicle to look for a telephone and that when he passed the officer, the officer, without provocation or

reason, grabbed plaintiff on the right arm, twisted the arm backwards with violent force, knocked plaintiff to the ground and pushed plaintiff's head to the ground.

On 26 July 1991, defendants filed a motion for summary judgment. On 30 August 1991, plaintiff responded. No reply was filed. Pursuant to Local Rule 17(*l*)(2) no oral argument was heard. Having reviewed the briefs and being otherwise familiar in the premises, the court will dispose of the instant matter by the following written opinion.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." [Citation omitted]. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th Ed.1979)). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact: rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986),

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 249–50, 106 S.Ct. at 2511. (Citations omitted); *see Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

## ANALYSIS

As pointed out in the previous section, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The defendants in the instant matter have clearly met this burden with respect to each claim brought by the plaintiff. The defendants'

brief addresses each claim raised in plaintiff's complaint and points out the absence of evidence to support the plaintiff's case as required by *Celotex*. Moreover, the defendants point out that the "Plaintiff at no time during the pendency of this action has sought any discovery of any nature whatsoever from any of the Defendants." Defendants brief at 5.

As noted above, once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth *specific facts* showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 249–50, 106 S.Ct. at 2511. (Citations omitted); *see Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

In the instant matter, the plaintiff has put forth *no evidence whatsoever* to discharge his burden of showing that there is sufficient evidence for a jury to return a verdict for him. He has not supplied the court with any affidavits, deposition testimony, testimony from the prior criminal proceeding, or answers to interrogatories. In short, he has provided the court with nothing whatsoever to support his claims. Accordingly, there is little doubt that plaintiff has failed to meet his burden and that summary judgment should be granted for defendants.

NOW, THEREFORE, IT IS HEREBY ORDERED that defendants' 26 July 1991 motion for summary judgment is GRANTED.