**Mark GIANNULLO, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, Defendant–Appellee.**

**Docket No. 02–7357.**

United States Court of Appeals, Second Circuit.

Argued: Jan. 14, 2003.

Decided: March 10, 2003.

Scott T. Horn, Mischel, Neuman & Horn, New York, NY, for Appellant.

Cheryl Payer, Assistant Corporation Counsel of the City of New York, (Stephen J. McGrath, Assistant Corporation Counsel, on the brief for Michael A. Cardozo, Corporation Counsel of the City of New York), New York, NY, for Appellee.

Before: KEARSE and B.D. PARKER, Circuit Judges, and RAKOFF, District Judge.*

Judge KEARSE dissents in a separate opinion.

RAKOFF, District Judge.

■ Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit a statement of the allegedly undisputed facts on which the moving party relies, together with citation to the admissible evidence of record supporting each such fact. *See* Local Rule 56.1(a), (d). If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted. *See* Local Rule 56.1(c). However, as we held in *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir.2001), "[t]he local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." In the instant case, as in *Holtz*, the record does not support certain critical assertions in the defendant's Rule 56.1 statement on which the district court relied, with the result that, even though plaintiff's Rule 56.1 counter-statement failed to specifically controvert these assertions, the unsupported assertions must nonetheless be disregarded and the record independently reviewed. *See Holtz*, 258 F.3d at 74.

■ The issue here arises on the appeal of plaintiff-appellant Mark Giannullo from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge* ) granting summary judgment to defendant-appellee, the City of New York. Plaintiff had brought suit under 42 U.S.C. § 1983 alleging that his arrest on drug possession charges (which were never pursued) was made without probable cause. The district court found, on what it believed to be the undisputed facts, that the City, together with defendant New York City Police Officer Andrew Quinn,[1] acted reasonably and had probable cause to arrest Giannullo and therefore had a complete defense to plaintiff's claims. *See Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996).

We review the district court's grant of summary judgment *de novo. Bernard v. United States,* 25 F.3d 98, 102 (2d Cir. 1994). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). It is the movant's burden to show that no genuine factual dispute exists, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), and all reasonable inferences must be drawn in the non-movant's favor, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Of particular relevance here, where the movant "fail[s] to fulfill its initial burden" of providing admissible evidence of the material facts entitling it to summary judgment, summary

---

* The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

1. The district court also granted summary judgment to Officer Quinn, who was named as a defendant in the Amended Complaint but not as an appellee in this Court. It is clear from the parties' briefs to this Court, however-

er, that appellant seeks reinstatement of the Amended Complaint against Officer Quinn as well, and that appellee agrees this Court should consider the matter as to both defendants. Appellee's Br. at 4 & n. 3. Accordingly, we consider all arguments raised by the parties, including those relating only to Officer Quinn.

judgment must be denied, " 'even if no opposing evidentiary matter is presented,' " for the non-movant is not required to rebut an insufficient showing. *Adickes,* 398 U.S. at 158, 160, 90 S.Ct. 1598 (quoting Fed.R.Civ.P. 56(e) Advisory Committee note (1963)).[2]

A review of the record discloses that the following facts are supported by admissible evidence and are beyond genuine dispute. At around 8 a.m. on November 19, 1999, an undercover police officer who was conducting surveillance in the vicinity of a methadone maintenance clinic in Staten Island saw Giannullo exit the clinic and walk over to a second individual, Kevin Oliver. After a brief exchange, Giannullo returned to the clinic and emerged about five minutes later with a brown paper bag, which he handed to Oliver. Giannullo and Oliver then left the scene, walking in opposite directions. A short distance away, Oliver removed an item from the bag, placed the item in his pocket, and discarded the bag. Oliver was then arrested, and there was found on his person two bottles of methadone—one of which had someone else's name on it—as well as a glassine of heroin. Meanwhile, other officers stopped Giannullo and arrested him. Despite his protests that he was a licensed drug counselor at the methadone clinic and that the bag he had given Oliver contained only a "bleach kit" that he was authorized to distribute in the community,[3] Giannullo was held in custody until about 5 p.m. He was then released, with no criminal complaint being filed against him, upon the representation of the Assistant District Attorney that "there is insufficient nexus between the drugs [found on Oliver] and this defendant."

On these facts, a reasonable fact-finder, drawing inferences favorable to plaintiff, could readily conclude that, *prior to the arrest of Oliver and the discovery of the illicit methadone,* no policeman could reasonably believe that he had probable cause to arrest Giannullo. Prior to that time, the police knew nothing about Giannullo or his relation to Oliver, had observed no drugs in the possession of either of them, had seen no money pass nor other exchange of consideration, and had overheard no incriminating conversation between them. The mere fact that Giannullo had gone back into the clinic and had returned with a paper bag that he gave to Oliver, who in turn, out of Giannullo's presence, discarded part of the contents and kept an item, might be sufficiently suspicious to warrant questioning Giannullo; but it can hardly be said to constitute probable cause to believe that Giannullo had committed a crime, warranting his immediate arrest. To hold otherwise would mean that nearly any suspicion, however vague, would justify an arrest or, at least, would insulate the arresting offi-

---

**2.** The dissent correctly states that, under the doctrine of *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), a defendant may move for summary judgment on the ground that the plaintiff has failed to adduce any evidence of an element of plaintiff's claim, and if the plaintiff fails in response to contest this assertion or adduce such evidence, defendant, without more, will prevail. But such a situation is wholly distinguishable from the instant case where it is defendant who is affirmatively asserting that, as a result of a particular sequence of events, the police had sufficient collective knowledge to justify a facially defective arrest. Nothing in *Celotex,* or in Fed.R.Civ.P. 56, would justify a defendant in such a situation in simply asserting the fact of such a sequence, without any supporting evidence whatever, and claim thereby to have shifted the burden to the plaintiff of disproving it.

**3.** "Bleach kits," consisting of bottles of bleach, bottles of water, cotton, and elastic tourniquets, are given freely to methadone and other addicts in connection with preventing infection in their needle use.

cer from liability under the doctrine of qualified immunity.

What led the district court to conclude nonetheless that a police officer could have reasonably believed that he had probable cause to arrest Giannullo was, first, that there had been prior "reports of drug activity in the area" that gave context to what the police observed, and, second, that the police arrested Oliver prior to arresting Giannullo and therefore, in some collective sense, had knowledge before arresting Giannullo that an illicit bottle of methadone had been found on Oliver's possession. The record, however, supports neither of these assertions.

In support of the assertion that the police had received complaints of drug activity in the area, the district court cited, not to admissible evidence, but to the defendants' memorandum of law, which is not evidence at all. In addition, the district court quoted the statement in paragraph 2 of defendants' Rule 56.1 statement (to which plaintiff's Rule 56.1 counter-statement did not respond) that the police "had conducted dozens of observations in that vicinity prior to November 19, 1999." But the only evidence cited in defendants' Rule 56.1 statement in support of this assertion is the testimony of the undercover agent, at pages 41–42 of his deposition, that *over the course of his entire career*, he had conducted dozens of observations in the vicinity of the methadone clinic—not that he had conducted dozens in the time period immediately preceding Giannullo's arrest. More importantly, the mere fact— more or less to be expected—that narcotics police keep an eye on a local methadone clinic adds nothing material to the deter-

mination of probable cause in a given, individual case.

By contrast, if the police collectively "knew" at the time they arrested Giannullo that Oliver had been found to be in possession of an extra methadone vial bearing another person's name, they would have had reasonable cause to believe, at least to the standard of qualified immunity, *see Lee v. Sandberg*, 136 F.3d 94, 101 (2d Cir. 1997), that Giannullo had delivered the purloined methadone to Oliver in the paper bag. *See United States v. Colon*, 250 F.3d 130, 135 (2d Cir.2001) ("Under the collective or imputed knowledge doctrine, an arrest or search is permissible where the actual arresting or searching officer lacks the specific information to form the basis for probable cause or reasonable suspicion but sufficient information to justify the arrest or search was known by other law enforcement officials initiating or involved with the investigation."). This presupposes, however, that Oliver's arrest preceded Giannullo's arrest.

The district court accepted that Oliver's arrest (and accompanying search) occurred prior to Giannullo's arrest, based solely on the fact that plaintiff's Rule 56.1 counter-statement did not controvert the aspect of paragraphs 14 and 15 of defendants' Rule 56.1 statement that placed the Oliver arrest prior to the Giannullo arrest.[4] But nothing in the record evidences this sequence. Defendants' sole citation in support of paragraph 14 (relating to the Oliver arrest) is to the inventory of the items seized from Oliver, which nowhere states the time of Oliver's arrest or any relation between it and Giannullo's arrest. Similarly, defendants' sole citation in support

---

4. The relevant portions read as follows:

    14. Mr. Oliver was then stopped by members of the NYPD and found in possession of a bottle of methadone with someone else's name on the bottle as well as a glas-

sine of heroine which tested positive in a field test. Exhibit D.

    15. Plaintiff was then stopped by members of the NYPD and was placed under arrest by Detective Quinn. Exhibit B.

of paragraph 15 (relating to the Giannullo arrest) is to the police report of Giannullo's arrest, which indicates he was arrested at 8:05 a.m. but does not indicate at what time Oliver was arrested or, indeed, anything about Oliver's arrest at all.[5]

It follows that the record does not support the district court's determination that defendants were entitled to summary judgment as a matter of law, either on the basis of probable cause or qualified immunity.[6] Accordingly, for the reasons set forth above, the judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.

## KEARSE, Circuit Judge, dissenting.

I respectfully dissent from the majority's view that the district court's granting of summary judgment in favor of defendants on the ground that there was probable cause for the arrest of plaintiff Mark Giannullo should be overturned. The facts asserted in the statement pursuant to Local Rule 56.1 ("Rule 56.1 statement") filed by defendants in support of their motion for summary judgment—and not disputed by Giannullo in his responding Rule 56.1 statement—included the following sequence of events. Outside a methadone clinic, in an area being subjected to surveillance because of suspected drug activity, police officers observed Giannullo emerge from the clinic, speak to one Kevin Oliver, reenter the clinic, reemerge carrying a brown paper bag, and hand the bag to Oliver. Giannullo and Oliver then walked off in different directions. Oliver was then observed reaching into the bag, removing something, and throwing the bag and its remaining contents into a trash can. Oliver was then stopped by police officers and was found to have in his possession, *inter alia,* a bottle of methadone with someone else's name on it and a glassine containing a substance that field-tested positive for heroin. Giannullo was then stopped by police officers and placed under arrest.

Giannullo, a counselor in the methadone clinic, was eventually released, and no criminal charges were filed against him. He commenced the present action under 42 U.S.C. § 1983 against the City of New York and a police officer for arrest without probable cause.

In ruling on defendants' motion for summary judgment, the district court stated that the issue of whether Giannullo's arrest was based on probable cause—the existence of which would of course defeat Giannullo's claim of arrest without probable cause—is for the court to decide as a matter of law *"[w]here there is no dispute as to the information the defendants had prior to the arrest."* Memorandum & Order dated March 8, 2002 ("Decision"), at 7 (internal quotation marks omitted) (em-

---

**5.** While, as the dissent argues, Rule 56.1 is designed to streamline the district court's consideration of summary judgment motions, this cannot mean that if a defendant asserts in his Rule 56.1 statement a material fact on which his summary judgment motion depends but supports it with a wholly unsupportive record citation, a plaintiff's failure to controvert the statement absolves the district court of even checking whether the citation supports the assertion. Such an approach would derogate the truth-finding functions of the judicial process by substituting convenience for facts.

**6.** Because we have concluded that the district court erred in considering it established that Oliver was arrested prior to Giannullo, we need not determine whether the "collective knowledge" doctrine, in fact, applies to the particular circumstances of this case. *See, e.g., Colon,* 250 F.3d at 135–38. We leave this determination to the district court.

phasis added). The court had noted certain respects in which Giannullo's Rule 56.1 statement disputed defendants' Rule 56.1 assertions, *see, e.g.,* Decision at 3, and noted Giannullo's argument that the above "facts [we]re insufficient to" provide probable cause to arrest him, *id.* at 6; but the court pointed out, accurately, that "[p]laintiff does not dispute the information available to the officers," *id.* Having noted that the officers arrested Giannullo after finding that Oliver, who had been given the bag by Giannullo, was in possession of, *inter alia,* heroin, *see id.* at 3, the court found that probable cause for Giannullo's arrest existed because "the officers' belief was reasonable under all the circumstances that existed at the time," *id.* at 7.

The majority of this panel, while not disagreeing that a sequence of events as set out in defendants' Rule 56.1 statement would be sufficient as a matter of law to show that Giannullo is not entitled to recover on his claim of arrest without probable cause, reverses the grant of summary judgment despite the fact that, in opposing the motion for summary judgment, Giannullo did not dispute that sequence. The majority rules that the district court could not properly grant summary judgment because defendants, in setting forth the above sequence in their Rule 56.1 statement, did not cite evidence as to the relative times at which the officers stopped Oliver and arrested Giannullo. It points out that "[i]t is the movant's burden to show that no genuine factual dispute exists ...." Majority Opinion *ante* at 140. I take no issue with that statement of principle; however, my view is that the district court may properly conclude that that burden is carried as to a factual assertion set forth in the moving party's Rule 56.1 statement that is not disputed in the opponent's responding Rule 56.1 statement. I base this

view on subsection (c) of Rule 56.1, which states that

> [a]ll material facts set forth in the statement required to be served by the moving party *will be deemed to be admitted unless controverted* by the statement required to be served by the opposing party.

Local Rule 56.1(c) (emphasis added).

Nonetheless, citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158, 160, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), the majority states that "summary judgment *must be denied,*" "where the movant 'fail[s] to fulfill its initial burden' of *providing admissible evidence* of the material facts entitling it to summary judgment." Majority Opinion *ante* at 140 (emphases added). In *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), however, the Supreme Court rejected the proposition that a defendant is not entitled to summary judgment based on the plaintiff's inability to prove an element of his claim unless the defendant itself provides admissible evidence. In *Celotex,* the Supreme Court considered a court of appeals decision reversing a grant of summary judgment because the moving defendant had

> "made no effort to adduce *any* evidence, in the form of affidavits or otherwise, to support its motion." [*Catrett v. Johns–Manville Sales Corp.*] 244 U.S.App.D.C. [160], at 163, 756 F.2d [181], at 184 [(D.C.Cir.1985)] (emphasis in original). According to the [court of appeals] majority, Rule 56(e) of the Federal Rules of Civil Procedure, and this Court's decision in *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), establish that "the party opposing the motion for summary judgment bears the burden of responding

*only after* the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact." 244 U.S.App. D. C., at 163, 756 F.2d, at 184 (emphasis in original; footnote omitted).

477 U.S. at 321–22, 106 S.Ct. 2548 (footnote omitted). The Supreme Court reversed the court of appeals, finding "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." 477 U.S. at 323, 106 S.Ct. 2548 (emphasis omitted). The Court stated:

> We think that the position taken by the majority of the Court of Appeals is inconsistent with the standard for summary judgment set forth in Rule 56(c) of the Federal Rules of Civil Procedure. Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

477 U.S. at 322–23, 106 S.Ct. 2548 (footnote omitted). *See also id.* at 325, 106 S.Ct. 2548 ("we do not think ... *Adickes* ... should be construed to mean that the burden is on the party moving for summary judgment *to produce evidence* showing the absence of a genuine issue of material fact ... with respect to an issue on which the nonmoving party bears the burden of proof. Instead, ... the burden on the moving party may be discharged by 'showing'—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." (emphasis added)).

The majority here also relies on subsection (d) of Rule 56.1 for its ruling that a movant cannot be granted summary judgment unless it cites evidence in support of every material factual proposition set forth in its Rule 56.1 statement. That subsection states that

> [e]ach statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).

Local Rule 56.1(d). However, the purpose of subsection (d) is to "free[ ] district courts from the need to hunt through voluminous records without guidance from the parties," *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir.2001) (*"Holtz"*), and such a need arises only with respect to a fact that is in dispute, *see, e.g., id.* at 73 (the "court 'is not required to consider what the parties fail to point out' in their Local Rule 56.1 statements"); *Monahan v. New York City Department of Corrections*, 214 F.3d 275, 292 (2d Cir.2000) (same).

There is language in *Holtz* suggesting that the assertions in a defendant's Rule 56.1 statement "cannot be deemed true simply" by reason of being uncontested. 258 F.3d at 73. I see two problems with reliance on that statement. First, it was not a holding, for as *Holtz* itself noted, the district court had not simply deemed the defendant's uncontested Rule 56.1 statement true but had scrutinized the record to determine whether there was a factual dispute, *see* 258 F.3d at 72–73. Second, the only appellate court case cited by *Holtz* in support of that dictum is one whose premise is flawed in light of *Celotex.* In *Zanghi v. Incorporated Village of Old Brookville,* 752 F.2d 42, 47 (2d Cir.1985), interpreting a predecessor to Local Rule 56.1, we had stated that "[a] Rule 9(g) statement by counsel on a motion for summary judgment cannot be a substitute for *an affidavit as to the facts.*" 752 F.2d at 47 (*quoted in Holtz,* 258 F.3d at 73 (emphasis mine)). This statement presupposes that a defendant's summary judgment motion must always be supported by an affidavit as to the facts. In *Celotex,* however, the Supreme Court found "no express or implied requirement in Rule 56 that the moving party support its motion [negating an element of an opponent's claim] with affidavits or other similar materials." 477 U.S. at 323, 106 S.Ct. 2548.

I note further that although the majority analogizes the present case to Holtz, *see* Majority Opinion *ante* at 140, the two cases are not alike. In *Holtz,* the plaintiff, a *pro se* litigant, had filed no Rule 56.1 statement whatever; she had, however, given deposition testimony that squarely contradicted the factual assertion the defendant sought to have deemed admitted. Here, Giannullo, represented by counsel, filed a painstaking Rule 56.1 statement taking issue with some of defendants' fac-

tual assertions but not with others. And neither Giannullo nor the majority has pointed to anything in the record that contradicts the sequence of events set forth in defendants' Rule 56.1 statement.

The majority's statement that " '[t]he local rule does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law,' " Majority Opinion *ante* at 140 (quoting *Holtz,* 258 F.3d at 74), is true but inapposite here. The requirement that the moving party show its entitlement to judgment as a matter of law means simply that those facts as to which there is no genuine dispute must be legally sufficient. This requirement does not suggest that dispositive facts that are undisputed must nonetheless be proved.

Our precedents state that a district court "has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz,* 258 F.3d at 73 (citing cases). But the majority's decision today eliminates half of that discretion by reading subsection (d) of Rule 56.1 (citations to evidence must be provided) as eclipsing subsection (c) (in the absence of dispute, facts will be deemed admitted). The majority thus creates the anomaly that a district court has discretion to excuse the nonmoving party's failure to dispute the moving party's Rule 56.1 assertions, but that the court has no discretion to excuse the moving party's failure to cite evidence in support of a fact that is not in dispute.

When Local Rule 56.1 is interpreted, as it is by the majority, to mean that, if unaccompanied by citations to evidence, a moving party's assertions of dispositive facts that are not disputed "must nonetheless be disregarded," Majority Opinion *ante* at 140, I view Rule 56.1 as inconsis-

tent with Rule 56, *see, e.g.,* Fed.R.Civ.P. 56 Advisory Committee Note (1937) ("Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact."), and hence invalid, *see, e.g.,* 28 U.S.C. § 2071(a) (local rules must be consistent with Federal Rules of Procedure). I believe it more appropriate to read subsections (c) and (d) of Rule 56.1, in conjunction with Rule 56, as meaning (1) that if the moving party's Rule 56.1 statement cites evidence that supports its assertion as to a dispositive material fact, summary judgment should normally be granted if the opposing party either (a) fails to dispute that assertion or (b) disputes the assertion but fails to support his disputation with materials in accordance with Rule 56(e); and (2) that if the moving party's Rule 56.1 statement does not cite any evidence to support its assertion of a dispositive material fact, summary judgment (a) should normally be granted if the opposing party fails to dispute that assertion, but (b) should be denied if the opposing party disputes that assertion, even if he does not cite any evidence in support of his position.

In the present case, Giannullo disputed certain of the assertions set out in defendants' Rule 56.1 statement, including some of the assertions in the very paragraphs that set out the sequence of events. But he did not dispute the sequence, *i.e.,* that before he was arrested the police had found heroin on Oliver, to whom they had seen Giannullo give a bag from which Oliver had taken something that he retained while discarding the bag. Given that sequence, Giannullo could not prove an essential element of his claim, *i.e.,* that his arrest was without probable cause. I thus see no error in the granting of summary judgment.