UNITED STATES of America, Plaintiff,

v.

**Ramiro RODRIGUEZ RAMIREZ; and Randy A. Daniels, Secretary of State, State of New York, Defendants.**

**No. 03 Civ. 4897(SHS).**

United States District Court, S.D. New York.

Nov. 13, 2003.

Kathleen A. Zebrowski, U.S. Atty. for Southern Dist. of New York, New York City, for plaintiff.

## OPINION AND ORDER

STEIN, District Judge.

The government has brought this action seeking declaratory and injunctive relief voiding certain liens filed by defendant Rodriguez Ramirez against the federal judge who presided over defendant's criminal trial and the Assistant U.S. Attorney who prosecuted the criminal action against him.[1] The government also seeks to enjoin Rodriguez Ramirez from filing such liens in the future. Plaintiff has now moved for summary judgment in its favor. Because the liens are wholly without merit and were filed with the intent to interfere with the enforcement of the criminal laws of the United States, plaintiff's motion is granted.

---

1. The action also named the New York Secretary of State, Randy A. Daniels, as a defendant, but the parties subsequently stipulated to dismiss the action against him "upon entry of judgment against Rodriguez Ramirez declaring ... [the liens] ... to be null, void, and of no legal effect ..."

Plaintiff seeks an order: (a) declaring that the liens filed by Rodriguez Ramirez are of no legal effect; and (b) enjoining defendant Rodriguez Ramirez and his agents from: (i) filing or recording any document which purports to create a lien of any kind against the person or property of Judge Robert W. Sweet, Ms. Helen Cantwell or any other federal official or employee without the prior permission of the Court; and (ii) taking any steps to retaliate or to harass any other federal official, physically or financially; and (c) directing Rodriguez Ramirez to pay the reasonable attorneys fees and costs of this action, and (d) attaching defendant Rodriguez Ramirez' inmate account in order to effectuate the payment of the costs associated with this action.

■ As an initial matter, Rodriguez Ramirez asserts that venue is not proper because he currently resides outside this district. However, a "civil action in which jurisdiction is not founded solely on diversity of citizenship may ... be brought ... in ... a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). As the conduct of the criminal trial against the defendant is what gives rise to the claims here, and since that criminal proceeding and conviction occurred in this district, venue is proper. *See* id.; *Perez v. Ashcroft*, No. 02 Civ. 10292, 2003 WL 22004901, at *3 (S.D.N.Y. Aug.25, 2003).

■ A party moving for summary judgment in this district must submit a statement of material facts as to which the movant contends "there is no genuine issue to be tried." *See* LOCAL CIV. R. 56.1(a). In turn, the nonmovant—here, Rodriguez Ramirez—must submit "a separate, short and concise statement of material facts"

setting forth the genuine issues it contends remain to be resolved at trial, and if the nonmovant fails to do so, all material facts offered by the movant "will be deemed to be admitted." *See* LOCAL CIV. R. 56.1(b), (c); *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir.2003); *Sullivan v. Newburgh Enlarged Sch. Dist.*, 2003 WL 22111170 (S.D.N.Y. Sept.8, 2003). Because Rodriguez Ramirez has failed to dispute those material facts submitted by the United States, the facts contained in plaintiff's Rule 56.1 statement are deemed admitted for the purposes of this motion.

■ In particular, the following facts from plaintiff's Rule 56.1 statement are deemed admitted: Rodriguez Ramirez was convicted on November 27, 2001 by a jury in U.S. District Court for the Southern District of New York of conspiring to possess and distribute heroin. While incarcerated awaiting sentence, Rodriguez Ramirez subsequently filed Uniform Commercial Code ("UCC") liens against Hon. Robert W. Sweet, the judge who presided over the trial, as well as the prosecutor in that action, Assistant United States Attorney Helen Cantwell ("the AUSA"). The liens were filed with the New York State Department of State for "[a]ll of debtor's assets, land, and personal property and all of debtor's interest in said assets, land, and personal property, now owned and hereafter acquired, now existing and hereafter arising, and wherever located ..." Acting in its ministerial capacity, the New York Department of State duly recorded the liens, which complied with the formal requirements of N.Y.U.C.C. § 9–402. Approximately two months after the liens were filed, Rodriguez Ramirez mailed Ms. Cantwell a "Notification of Private Disposition of Collateral," which purported to sell her "assets, fixtures, land, and personal property." Rodriguez Ramirez also mailed Judge Sweet an "Invoice" demand-

ing payment of $9.5 million for "unauthorized-use fees."

 Plaintiff has shown that it clearly is entitled to the relief it seeks. While the filing of a Financing Statement perfects a security interest, see N.Y.U.C.C. § 9–403, a Financing Statement alone cannot create a valid security interest. *See e.g. Painewebber Incorporated, Inc. v. Nwogugu,* 98 Civ. 2441, 1998 WL 193110 (April 22, 1998).

On the UCC–1 form, Rodriguez Ramirez claims that his security interest derives from "Security Agreement RRR–121288–SA," which allegedly is "self-executing" in that any party who uses his name—in which he alleges to hold a common law copyright—"consents" to become a debtor to Ramirez under the draconian terms of the agreement. Because Judge Sweet and AUSA Cantwell used his name in the course of the criminal action, he claims they violated the agreement. This agreement lacks all of the basic necessities of a valid contract, such as mutual consent and bargained for consideration.

 In addition, Rodriguez Ramirez claims to possess a common law copyright in his name; however, the system of common law copyright was substantially preempted by the Copyright Act of 1976.[2] *See* 17 U.S.C. § 301(a); *Cmty for Creative Non–Violence v. Reid,* 490 U.S. 730, 740, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989); 18 AM JUR.2D. *Copyright and Literary Property* § 2. Moreover, a name is not a proper subject for copyright. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) (A name is a fact that is "uncopyrightable.").

In sum, the liens filed by Rodriguez Ramirez are entirely without merit and were filed with the intent to interfere with the enforcement of the criminal laws of the United States. Accordingly, plaintiff's motion is granted and judgment shall enter in its favor. The liens filed against Judge Sweet and Ms. Cantwell are null and void and of no legal effect. Furthermore, defendant and his agents, employees, and any others in active concert or participation with him are hereby enjoined from filing or recording, or attempting to file or record, any document or instrument of any description which purports to create a "lien" or record of any kind against the person or property of Judge Sweet, Ms. Cantwell, or any other federal official or employee without the prior permission of the Court.

---

2. "Common law copyright" to works "not fixed in any tangible medium of expression," such as a live performance, is not subject to federal preemption under the Copyright Act of 1976. *See* 17 U.S.C. § 301(b)(1); *NIMMER ON COPYRIGHT* § 1.01 [B][2][a] (2003).