**George DERIENZO, Plaintiff–Appellant,**

v.

**METROPOLITAN TRANSPORTATION AUTHORITY, METRO NORTH COMMUTER RAILROAD, Defendants–Appellees.**

No. 05–7021–cv.

United States Court of Appeals, Second Circuit.

June 20, 2007.

by a single member of the BIA should not be accorded *Chevron* deference.").

Ira M. Maurer, Ċahill, Goetsch & Maurer, P.C., Croton-on Hudson, N.Y., for Plaintiff–Appellant.

Ira J. Lipton, Hoguet Newman & Regal, LLP, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant George DeRienzo ("DeRienzo" or "Plaintiff") appeals from the December 13, 2005, Opinion and Order of the United States District Court for the Southern District of New York (Leisure, *J.*), 404 F.Supp.2d 555, granting the motion for summary judgment of Defendants–Appellees Metropolitan Transportation Authority and Metro North Commuter Railroad (collectively the "Defendants" or the "Railroad"). Plaintiff also appeals the district court's September 1, 2006 Order denying the Plaintiff's motion for reconsideration under Fed. R.Civ.P. 59(e). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

DeRienzo, a police officer employed by the Railroad, brought a cause of action under the Federal Employer's Liability Act (FELA) for injuries he allegedly suffered in the course of duty when he slipped on debris on outdoor steps owned by the Railroad. Because DeRienzo violated Southern District of New York Local Rule 56.1 by failing to file a counterstatement to the Defendants' Local Rule 56.1 statement of material facts not in genuine dispute (the "Rule 56.1 Statement"), the district court deemed admitted the facts contained in the Defendants' Rule 56.1 Statement and declined to consider additional facts presented by DeRienzo in a memorandum of law. *See* S.D.N.Y. Local Rule 56.1(c) (stating that each statement of fact in the moving party's Rule 56.1 Statement "will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party"); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir.2001) (holding that a district court has "broad discretion" to refuse to consider "what the parties fail to point out in their Local Rule 56.1 statements" (internal quotation marks omitted)). Based on these admitted facts, the district court concluded that summary judgment was appropriate on the grounds that the Defendants had established, beyond doubt, that DeRienzo's fall was not reasonably foreseeable.

■ We review a district court's grant of summary judgment de novo. *See McCarthy v. Am. Int'l Group Inc.*, 283 F.3d 121, 123 (2d Cir.2002). To prevail on a motion for summary judgment, "the moving party must prove that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Williams v. Utica College of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir.2006); *see also Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir.2006). The fact that Plaintiff failed to comply with Local Rule 56.1 "does not absolve the party seeking summary judgment of th[is] burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 Statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir.2003) (quoting *Holtz*, 258 F.3d at 74).

■ Because there is a "strong federal policy" in favor of letting juries decide cases arising under FELA, *Sinclair v. Long Island R.R.*, 985 F.2d 74, 77 (2d Cir.1993) (internal quotation marks omitted), "the right of the jury to pass on factual issues 'must be liberally construed,'" *Williams v. Long Island R.R.*, 196 F.3d 402, 407 (2d Cir.1999). A FELA case "must not be dismissed at the sum-

mary judgment phase unless there is absolutely no reasonable basis for a jury to find for the plaintiff." *Syverson v. Consol. Rail Corp.*, 19 F.3d 824, 828 (2d Cir.1994) (citing *Gallick v. Baltimore and O.R.R.*, 372 U.S. 108, 120–21, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963)).

■ Under FELA, an employer has an "ongoing" duty to "provide its employees with a reasonably safe place to work, and this includes the duty to maintain and inspect work areas." *Sinclair*, 985 F.2d at 76 (internal citations omitted). For an employer to be found negligent, the plaintiff must show "reasonable foreseeability." *Id.* at 77. This turns on whether the employer "knew or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees.'" *Ulfik v. Metro–North Commuter R.R.*, 77 F.3d 54, 58 (2d Cir.1996).

■ While FELA is not a strict liability statute, "an employer may be held liable under FELA for risks that would be too remote to support liability under common law." *Williams*, 196 F.3d at 407 (internal quotation marks omitted). Liability attaches when "the proofs justify ... the conclusion that employer negligence played any part, even the slightest, in producing the injury." *Ulfik*, 77 F.3d at 58 (quoting *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957)).

■ Assuming, for the purposes of this order, that the district court did not abuse its discretion in deeming admitted, and considering, only those facts contained in the Defendants' Rule 56.1 Statement, we find that even under the Defendants' version of the facts, the district court erred in granting summary judgment on the question of foreseeability.

The railroad admitted to not maintaining or inspecting the Oak Street Steps (the "Steps") on which DeRienzo fell. Accordingly, the district court's grant of summary judgment was based on its conclusion that the Railroad "had no basis for believing that the Steps were even being used." This conclusion rested heavily on the district court's assumption that DeRienzo admitted—by failing to contest the Railroad's Rule 56.1 Statement—that Railroad employees had not used the Steps since before 1998.

The Railroad's Rule 56.1 Statement, however, does not make such a sweeping allegation. Rather, Paragraph 13 of the Rule 56.1 Statement only asserts that "Railroad workers have not used the Oak Street Steps on a *regular basis* since long before 1998" (emphasis added). There is a crucial difference between a finding that no railroad worker ever used the Steps since 1998 and a finding that railroad workers did not *regularly* use the steps. *Cf. Baily v. Central Vermont Railway*, 319 U.S. 350, 353, 63 S.Ct. 1062, 87 L.Ed. 1444 (1943) (holding that the duty of a railroad under FELA to provide reasonable care is "a continuing one from which the carrier is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent." (internal citations and quotation marks omitted)). The district court also failed to consider whether the term "railroad worker" encompassed all Railroad employees or, instead, referred only to a subset of the employees not including Railroad police such as the defendant. Accordingly, DeRienzo cannot be said to have admitted that no Railroad employee had ever used the steps since 1998.

Moreover, a finding that railroad employees had not used the Steps since before 1998 is not supported by the record.

The only record evidence cited to support the contention was testimony from Frederick Weaver, the deputy director of Metro North's Department of Track and Structures, the department responsible for overseeing and maintaining the structures on Metro North property. But Weaver only stated that he was "not aware" of employees in other departments using the Steps since prior to 1998. And, contained in the Defendants' Rule 56.1 Statement is the undisputed fact that DeRienzo, himself, had used the Steps *both* on the day of the accident *and* on prior occasions. In addition, the district court credited testimony of another Railroad employee that the employee had visited the area surrounding the Steps about once a month and had "occasionally" used the Steps. Finally, the fact that the maintenance department did not know that employees used the Steps is by no means equivalent to establishing that *police supervisors* did not know that its employees were using the Steps. *Cf. Syverson*, 19 F.3d at 827 (finding that it was undisputed that the railroad knew that an area of a rail yard was a magnet for vagrants when railroad police officers testified that *they* had such knowledge).

Because it is far from undisputed that no Railroad employee used the Steps since before 1998, we cannot say that, considering only the facts in the Railroad's Rule 56.1 statement, a jury could have "absolutely no reasonable basis," *Syverson*, 19 F.3d at 828, to find that DeRienzo's injury was reasonably foreseeable.[1] Accordingly, keeping in mind the "relaxed standard for negligence" applicable in FELA cases, *Williams*, 196 F.3d at 406, we hold that summary judgment is not appropriate at this time on the issue of foreseeability.

The district court never considered whether summary judgment should be granted on the alternate ground that no reasonable jury could find that DeRienzo's injuries were caused by the Railroad's negligence. We, therefore, decline to review the question of causation here. On remand, we expect that the district court will examine that question in the first instance.

The district court will, on remand, also have to decide whether to consider only the facts in Defendants' Rule 56.1 Statement or, in an exercise of its discretion, to consider other facts contained in the record. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir.2001) (holding that a district court has "broad discretion ... to overlook a party's failure to comply with local court rules" and may "opt to conduct an assiduous review of the record" even when one of the parties has failed to file a Rule 56.1 statement). In this respect, although it is not clear to us that DeRienzo has raised this issue, we note for future guidance that the district court erred in concluding that *Giannullo v. City of New York*, 322 F.3d 139 (2d Cir.2003), overruled *Holtz* and established a new rule that the district court *must* deem the facts contained in a Rule 56.1 Statement admitted whenever the opposing party fails to contest them in a properly-filed Counterstate-

---

1. We need not, and do not, reach the question of whether a jury could find the Defendants liable if it was deemed admitted that the Railroad did not know that the Steps were in use. We note, however, that the question likely would turn on whether a jury could find that the Railroad should have known that DeRienzo or other railroad police personnel would have to use the Steps in the course of their duties. *See Williams*, 196 F.3d at 407 (reversing a grant of summary judgment in favor of the railroad when plaintiff had injured himself on outdoor, railroad-tie steps because a jury could find that the railroad "knew or should have known" that the ties would be used).

ment. The panel in *Giannullo* was not empowered to overrule *Holtz's* holding that a district court had discretion to overlook a party's failure to comply with Local Rule 56.1, *see Nicholas v. Goord,* 430 F.3d 652, 659 (2d Cir.2005) ("[W]e are bound by our own precedent unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court en banc."), nor did it purport to do so. We also note that while DeRienzo's submission failed to comply with Local Rule 56.1, it may have met the requirements of Fed.R.Civ.P. 56. On remand, the district court should address whether a refusal to consider any of the facts proffered by DeRienzo would constitute an impermissible application of Local Rule 56.1, by putting the Local Rule in conflict with the Federal Rule. *See* 28 U.S.C. 2071(a) (requiring that local court rules be consistent with, *inter alia,* the Federal Rules of Civil Procedure).

We VACATE the district court's order granting summary judgment on the issue of foreseeability and REMAND the case to the district court for further proceedings, including consideration of whether summary judgment is appropriate on the question of causation. In light of our disposition, we DISMISS, as moot, Plaintiff's appeal of the denial of his motion for reconsideration.