**Jorge LOPEZ, Plaintiff,**

v.

**Carlos ECHEBIA, Bhard Ghandi, Moises Mejia and M and M's Renovations, Inc., Defendants.**

**No. 07 Civ. 9425(WGY).**

United States District Court, S.D. New York.

March 11, 2010.

---

Todd Jay Krouner, Law Office of Todd J. Krouner, Chappaqua, NY, for Plaintiff.

Roula Theofanis, Law Office of Thomas K. Moore, Attorneys at Law, White Plains, NY, for Defendants.

## ORDER

WILLIAM G. YOUNG, District Judge.[1]

On May 27, 2007, the plaintiff, Jorge Lopez ("Lopez") was employed by Carlos Echebia ("Echebia") (a subcontractor of Moises Mejia and his company, M and M's Renovations, Inc.) to assist Echebia in cutting down a tree at co-defendant, Bhard Ghandi's ("Ghandi") property in Yonkers, New York (the "Property"). Whilst attempting to cut down the tree, Lopez fell and sustained physical injury. Lopez makes a claim for damages under a theory of negligence and breach of New York labor law. This Order concerns Ghandi's motion for summary judgment of September 24, 2008 [Doc. 8].

A hearing on Ghandi's summary judgment motion was held on October 27, 2009, following which this Court, in its Memorandum and Order [Doc. 16], allowed Lopez sixty days to take the depositions of Ghandi and the general contractor involved in this action. In addition, the Court allowed Lopez or Ghandi to submit supplemental briefs during this sixty day period, with summary judgment to be decided on the papers after the sixty day period.

The parties did not file any additional documents during this period.

### NEW YORK LABOR LAW

Lopez alleges that "Ghandi, having employed and directed plaintiff to perform labor, failed to furnish plaintiff or erect or cause to have furnished or erected for the performance of plaintiff's labor, scaffolding, ladders, hoists, stays, slings, hangers, blocks, pulleys, braces, irons, ropers [sic], and other devices so constructed, place [sic] and operated as to give plaintiff prop-

er protection." Am. Compl. ¶ 15 [Doc. 2]. As a result, Lopez "sustained serious personal injuries." *Id.* ¶ 16. New York Labor Law ("Labor Law") Section 240(1) states;

> All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

In his Motion for Summary Judgment, Ghandi claims the one and two-family dwelling exemption to the Labor Law, stating that he "did not furnish tools or materials, supervise or control the work being done." Def.'s Mot. Summ. J., Ghandi Aff. ¶ 15 [Doc. 8]. Moreover, he claims that "the work being performed at the time of the accident was landscaping work and not work which is covered under the [Labor Law]." Def.'s Mot. Summ. J., Theofanis Aff. ¶ 5.

The exemption from duties imposed by the Labor Law for owners of one and two-family dwellings who contract for but do not direct or control the work is based on the belief that "the strict liability imposed by the statutes should not apply to owners of one and two family homes who are not in a position to know about, or provide for the responsibilities of absolute liability." *Cannon v. Putnam,* 76 N.Y.2d 644, 649, 563 N.Y.S.2d 16, 564 N.E.2d 626 (1990) (internal quotations omitted). "As

---

**1.** Of the District of Massachusetts, sitting by designation.

the party claiming the benefit of the exception, the defendant has the burden to show that it applies here." *Lombardi v. Stout,* 80 N.Y.2d 290, 297, 590 N.Y.S.2d 55, 604 N.E.2d 117 (1992).

■ It is undisputed as a practical matter that Ghandi is an owner of a one-family dwelling. Ghandi provides a copy of a Certificate of Occupancy from the Department of Housing and Buildings, City of Yonkers, New York and a copy of Ghandi's deed of purchase of the Property. Def.'s Mot. Summ. J., Exs. C, D. Both of these documents appear to show that the Property is a one-family dwelling. The Certificate of Occupancy states that the Property is a "one family dwelling only." Similarly, the deed of purchase describes the Property's dwelling type as "1 to 2 family." Ghandi states that "I have used this as my dwelling only and this dwelling . . . is occupied by my own family exclusively." Ghandi Aff. ¶ 8.

Lopez states that "the exemption does not apply if the property is used for commercial purposes. Defendant Ghandi offered no proof that his property was not used, or going to be used, for any commercial purpose." Pl.'s Opp'n to Def.'s Mot. Summ. J. 2–3 [Doc. 10]. Lopez argues that the summary judgment motion is premature "in that the parties have not even begun to conduct any discovery in this matter." *Id.* at 3. In particular, Lopez states that on October 3, 2008, he submitted to the Yonkers City Court a request for records relating to the Property "including, but not limited to any building permits, building plans, any applications for building permits, any applications for zoning variances, change of use applications, zoning information, certificate of occupancy, and deed." *Id.* at 4.

Lopez, however, has provided no evidence to suggest that the Property is anything other than a one-family dwelling. In addition, Lopez has not availed himself of the additional sixty day period granted by this Court to submit evidence that the Property has a commercial purpose. Therefore, this court holds that it is undisputed that Ghandi is an owner of a one-family dwelling.

Ghandi must also show that he did not "direct or control the work" to fall within the one-family dwelling exemption. Ghandi states that he "was not at home when the accident to Mr. Lopez happened." Ghandi Aff. ¶ 12. He goes on to state that "I never met Mr. Echebia nor have I met Mr. Lopez before the accident and I did not tell him/them how to do his/their job," and that "[t]he entire work of cutting down the tree was performed by Mr. Echebia and his workers in my absence and without any instructions from me." *Id.* ¶ 13. He also states that "I never furnished any tools or ladders to Mr. Mejia or to Mr, Lopez." *Id.* ¶ 14. Lopez has not raised any genuine issue of fact as to whether Ghandi directed or controlled the work of cutting down the tree. Lopez only states that "[he] would seek discovery regarding the level of direction and control including, but not limited to, the deposition of defendant Ghandi, his co-defendants, and any other contractors." Pl.'s Opp'n Def.'s Mot. Summ, J. 5. Even after receiving an additional sixty days to seek such discovery, however, Lopez has failed to provide any evidence of Ghandi's direction or control.

Ghandi also argues that "the act of cutting down the tree by [Lopez] was a 'landscaping' task, and it was unconnected to any construction work as that is interpreted under the Labor Law." Def.'s Mem. Supp. Mot. Summ. J. 3 [Doc. 9]. In support, Ghandi states that "there was a 50 foot tree on my property that I wanted removed. The only reason why I wanted the tree removed, was because I wanted to increase the space in my backyard in order to eventually build a patio." Ghandi Aff.

¶ 11. Ghandi argues that "the cutting down of the tree can easily be separated and distinguished from the future construction of a patio." Def.'s Reply 5 [Doc. 11]. Lopez, however, contends that "the tree was not removed in isolation." Pl.'s Opp'n Def.'s Mot. Summ. J. 1 [Doc. 10]. He argues that "Defendant Ghandi admits the tree was not removed just for purposes of landscaping or routine maintenance. Rather, it was removed as a part of a patio addition to his backyard." *Id.* at 2 (internal citation omitted).

■ Section 240 of the Labor Law applies to work done on a "building or structure." "[A] building or structure is any production or piece of work *artificially built up* or composed of parts joined together in some definite manner." *Lombardi v. Stout*, 80 N.Y.2d 290, 295, 590 N.Y.S.2d 55, 604 N.E.2d 117 (1992) (internal quotation marks omitted) (emphasis in original). The court in *Lombardi* concluded that the "plaintiff ... submitted sufficient evidence to warrant a trial of his section 240(1) cause of action ... by presenting evidence that the tree-removal was a part of the house construction and site work for a driveway and parking lot." *Id.* at 296, 590 N.Y.S.2d 55, 604 N.E.2d 117.

Similarly, Lopez has raised a genuine issue of fact as to whether the tree removal was part of a construction project which would fall under section 240 of the Labor Law. Whether Lopez was working on a building or structure is, however, not a controlling issue. As Ghandi has shown that he is an owner of a one-family dwelling who did not direct or control Lopez's work, Lopez is unable to press a claim against Ghandi under the Labor Law.

## NEGLIGENCE

Lopez alleges that "[Ghandi], his agents, servants and/or employees, were negligent in the ownership, operation, management, maintenance, supervision, custody, possession, inspection and control of the [Property]." Am. Compl. ¶ 10. Ghandi asserts in response that "the injury to the plaintiff occurred not because there was anything 'wrong' with the tree ... but rather it arose from the manner and method of the plaintiff's own work, a manner chosen by the plaintiff himself without any 'direction or control' from the defendant. Consequently, common law negligence principals [sic] do not apply to this action." Def.'s Mem. Supp. Mot. Summ. J. 7.

In *Monroe v. City of New York*, 67 A.D.2d 89, 414 N.Y.S.2d 718 (N.Y.App.Div. 1979), the court stated;

In order to recover on the theory of common-law negligence, it was incumbent upon plaintiff to establish that defendant owed him a duty of care, the breach of which caused his injuries. The owner of premises is bound to use reasonable care commensurate with the hazard to be apprehended and to maintain his premises in such a condition that those who go there at his invitation shall not unnecessarily or unreasonably be exposed to danger. Where the owner invites workmen onto his premises he owes a duty to provide them with a safe place to work.

67 A.D.2d at 95–96, 414 N.Y.S.2d 718. Section 200 of the Labor Law codifies this common law duty.[2] Moreover, "where the

---

**2.** Section 200(1) of New York Labor Law states:

All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons....

alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law." *Lombardi,* 80 N.Y.2d at 295, 590 N.Y.S.2d 55, 604 N.E.2d 117.

■ Upon the record before this Court, Ghandi was not present on the Property when the accident occurred. He did not supervise the work, nor did he provide any equipment or materials to carry out the work. Lopez has presented no facts to suggest that the condition of the property itself was dangerous. Thus, there can be no claim of negligence against Ghandi for the accident,

### DEFENDANT'S FAILURE TO FILE A RULE 56.1 STATEMENT

Finally, Lopez points out that "Ghandi has failed to submit a Statement of Material Facts pursuant to Local Civil Rule 56.1(a)," Pl.'s Opp'n Def.'s Mot. Summ. J. 5, and that such a failure is grounds for denial of Ghandi's motion. Ghandi responds by filing his Rule 56.1 Statement with his reply brief. Ghandi argues that failure to file the Rule 56.1 Statement is a "procedural error" and that "[Lopez] has failed to identify any prejudice arising out of defendants' failure to comply with Local Rule 56.1." Def.'s Reply 6.

■ Rule 56.1 of the Local Civil Rules ("Local Rule 56.1") "requires a party moving for summary judgment to submit a statement of the allegedly undisputed facts on which the moving party relies, together with citation to the admissible evidence of record supporting each such fact." *Giannullo v. City of New York,* 322 F.3d 139, 140 (2d Cir.2003). "If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." *Id.* "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 74 (2d Cir.2001) (internal citation omitted).

■ As Ghandi notes, "'[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.'" Def.'s Reply at 7 (quoting *Holtz,* 258 F.3d at 73). "Some district courts have followed *Holtz's* holding, allowing district courts to look past such filing failures ... while others have cited *Giannullo* to hold that uncontroverted assertions of fact will be deemed admitted." *Derienzo v. Metro. Transp. Auth.,* 404 F.Supp.2d 555, 557 (S.D.N.Y. 2005) (internal citations omitted). In this case, it does not appear that Lopez has suffered any prejudice from Ghandi's failure to file a Rule 56.1 Statement, nor has its absence created difficulty for the court.

### CONCLUSION

Lopez has not provided sufficient evidence to dispute any material fact and to show that Ghandi is liable under the Labor Law or liable for negligence. Ghandi is therefore entitled to summary judgment. The failure to file the Rule 56.1 Statement does not defeat Ghandi's motion.

Accordingly, Ghandi's Motion for Summary Judgment is ALLOWED.

SO ORDERED.