Gachette v. Metro North-High Bridge

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand fifteen.

PRESENT:
   **RALPH K. WINTER,**
   **DEBRA ANN LIVINGSTON,**
   **DENNY CHIN,**
    *Circuit Judges.*
_____

**Louis Gachette,**

   *Plaintiff-Appellant*,

  v.                **14-764**

**Metro North-High Bridge, et al.,**

   *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**   Louis Gachette, *pro se*, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**   Joshua Robert Fay, James B. Henly, Metro-North Commuter Railroad Company, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the matter is **REMANDED** for further proceedings.

Plaintiff-Appellant Louis Gachette, proceeding *pro se*, appeals the district court's summary judgment dismissal of his employment discrimination and retaliation complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's grant of summary judgment *de novo*, applying the same standards that govern the district court's consideration of the motion." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013) (internal quotation marks omitted). "Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). "We resolve all ambiguities and draw all reasonable inferences in the light most favorable to the non-moving party." *Id.*

Here, the district court's order granting summary judgment stated only that: (1) Gachette's failure to file a Rule 56.1 counterstatement resulted in the facts alleged in Defendants' Rule 56.1 statement being deemed admitted; and (2) "Plaintiff has failed to adduce any evidence demonstrating that there are triable issues of fact with respect to his discrimination and retaliation claims . . . . Moreover, this Court shall not consider causes of action not pleaded in the complaint." App. at 7. We find the district court's analysis insufficient.

In *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, we held that, even where a summary judgment motion is wholly unopposed, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." 373 F.3d 241, 244 (2d Cir. 2004). "[I]n determining whether the moving party has met this burden . . . the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Id.* "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* (emphasis and internal quotation marks omitted). "An unopposed summary judgment motion may also fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). "Where the order granting summary judgment is insufficiently clear to permit this Court to determine whether the grounds for granting the motion are valid, remand is appropriate." *Id.*

In this case, the district court's order did not reference review of the statement of undisputed facts submitted by Defendants or its citations to the evidence, shifted the burden to Gachette to produce evidence establishing triable issues of fact, and did not state whether the evidence established that Defendants were entitled to judgment as a matter of law. This was error. *See Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014); *see also Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (noting that failure to verify a party's factual assertions "derogate[s] the truth-finding functions of the judicial process by substituting convenience for facts"). The court's failure to follow the principles outlined in *Vermont Teddy*

*Bear*, moreover, are especially problematic because Gachette was proceeding *pro se*. *See Jackson*, 766 F.3d at 196 (explaining that "*Vermont Teddy Bear* involved a motion totally unopposed by a *pro se* party, and the district court's failure to analyze any of the complex legal and factual issues" made remand appropriate). Even though "we do not require district courts to write elaborate essays using talismanic phrases," Federal Rule of Civil Procedure 56 does require that a grant of summary judgment be accompanied by an explanation. *Id.* at 196-97; Fed. R. Civ. P. 56(a). Here, the district court's order gives no indication of its reasoning for granting summary judgment, and therefore is insufficient to allow an informed appellate review. *See Jackson*, 766 F.3d at 197-98.

Accordingly, we **VACATE** the judgment and remand for the district court to issue a decision that complies with *Vermont Teddy Bear* and provides sufficient explanation to permit this Court to conduct an informed appellate review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4