Thomas DODSON, Plaintiff,

v.

Marvin RUNYON, Postmaster General for the United States Postal Service, Defendant.

No. 87 Civ. 4156 (DNE).

United States District Court, S.D. New York.

March 7, 1997.

Antonio Mareno, Yorktown Heights, NY, for plaintiff.

Mary Jo White, U.S. Attorney for the S.D. of N.Y. (James L. Cott, of counsel), for defendant.

## OPINION AND ORDER

EDELSTEIN, District Judge.

Currently before this Court are plaintiff Thomas Dodson's ("plaintiff" or "Dodson") motion to transfer venue, and defendant Marvin Runyon's ("defendant" or "Runyon") motion to dismiss for failure to prosecute. For the following reasons, plaintiff's motion is denied and defendant's motion is granted.

## BACKGROUND

Plaintiff, acting pro se, brought a complaint that he was terminated from his job with the United States Postal Service because of his race, in violation of 42 U.S.C. Sections 2000e to 2000e–17 in 1987. For a period of time after he filed his Complaint, plaintiff attempted to prosecute his case while acting pro se. All action ceased after plaintiff filed his Amended Complaint in the spring of 1989. In June 1990, plaintiff retained an attorney, Antonio Mareno ("Mareno"). Mareno, however, also failed to take action in this case. In response to this inaction, defendant brought a motion to dismiss plaintiff's action for failure to prosecute pursuant to Federal Rule of Civil Procedure ("Rule") 41(b). In an Order dated February 6, 1995, this Court granted defendant's motion. Order, *Dodson v. Runyon*, 87 Civ. 4156 (Feb. 6, 1995) ("1995 Order").

Plaintiff appealed this Court's dismissal of his case. In a decision dated June 12, 1996, the Second Circuit vacated this Court's Order and remanded the instant action to this

Court for further proceedings. *Dodson v. Runyon,* 86 F.3d 37 (2d Cir.1996) ("1996 Decision"). In the 1996 Decision, the Second Circuit found that this Court erred in its 1995 Order by "failing to consider lesser sanctions and other relevant factors before imposing the severe penalty of dismissal." *Id.* at 38. Although the Second Circuit observed that Mareno was responsible for the lack of action in the instant case, it noted that "[t]here was no way ... to be certain, of course, that Dodson was not somehow complicit in his attorney's delays, nor that the delays were not undertaken by Mareno for Dodson's benefit." *Id.* at 41. The Second Circuit made "no suggestion as to what conclusions the district judge should reach." *Id.* at 41. On the contrary, the Court stated that its "reversal of the dismissal is not intended to suggest that dismissal is not an appropriate remedy," particularly because some of the factors relevant to a court's decision to dismiss for failure to prosecute, "in particular the possibility of prejudice to the government, may well argue in support of dismissal." *Id.*

Following the Second Circuit's remand, this Court granted defendant permission to renew its motion to dismiss, and advised the parties that any jurisdictional arguments that the parties wished to raise also could be included in any motion papers filed with the Court. On January 6, 1997, defendant filed with this Court its renewed motion to dismiss. (Defendant's Memorandum of Law in Support of its Renewed Motion to Dismiss for Failure to Prosecute or, in the Alternative, for Summary Judgment Following Remand, *Dodson v. Runyon,* 87 Civ. 4156 (Jan. 6, 1997) ("Deft. Memo").) In response, plaintiff filed a "Notice of Cross-Motion" for "an order pursuant to Rule 22 of the Rules for Division of Business Among Judges, reassigning this action to the White Plains court." (Notice of Cross-Motion, *Dodson v. Runyon,* 87 Civ. 4150 (Feb. 6, 1997) ("Cross-Motion").) Plaintiff filed no response to defendant's motion to dismiss.

### DISCUSSION

Plaintiff's Cross-Motion raises the issue whether venue is proper in this Court, and resolution of this issue affects this Court's ability to decide the other, substantive questions presently before this Court. Accordingly, this Court will address plaintiff's Cross-Motion first.

### I. *Plaintiff's Motion to Transfer Venue*

Plaintiff asserts that venue in this case is proper in the White Plains division of the Southern District of New York, not in Manhattan. Along with his Cross-Motion, plaintiff filed a document entitled "Supporting Affirmation" from his attorney Mareno. (Supporting Affirmation, *Dodson v. Runyon,* 87 Civ. 4150 (Feb. 6, 1997) ("Mareno Aff.").) The entirety of Mareno's Affirmation is as follows:

> ANTONIO MARENO, an attorney admitted to practice in this Court, and the attorney for the plaintiff, affirms, under penalties of perjury, as follows:
>
> I am familiar with all of the proceedings in this civil rights action, and make this affirmation in opposition to the renewal of the defendant's alternative dispositive motions as well as in support of plaintiff's cross-motion to transfer this action to the White Plains courthouse for reassignment pursuant to Rule 22 of the RULES FOR THE DIVISION OF BUSINESS AMONG DISTRICT JUDGES.
>
> From its inception this case has languished in the wrong venue as the result of the filing of the *Pro Se* complaint at Foley Square rather than at White Plains where the plaintiff resides and where the cause of action arose. The court need look no further then to paragraphs 2 through 4 of the Amended Complaint which were admitted in the defendant's answer for confirmation of the foregoing statement.
>
> By reason of these venue admission in the pleadings, it is incumbent upon this Court to transfer the action to the White Plains court for further proceedings, and I urge the court to do so rather than to perpetuate the out-of-venue status the case now has at Foley Square.

*Id.* at 1-2. The only other papers that plaintiff included with his Cross-Motion is a copy of plaintiff's Amended Complaint.

This Court finds that plaintiff's Cross Motion should be denied for two independent reasons: (1) plaintiff's motion violates this Court's Individual Rules and the Local Rules for the Southern District of New York; and (2) plaintiff's CrossMotion contains a factual inaccuracy. Turning to the first reason, this Court finds that plaintiff's Cross–Motion violates both this Court Individual Rules and the Local Rules. This Court's Individual Rule 4 requires that "[m]otions must comply strictly with the Fed. R. of Civ. P. and the Local Rules, particularly Local Rule 3." Local Rule 3(b) provides:

> Upon any motion, the moving party shall serve and file with the motion papers a memorandum setting form the points and authorities relied upon in support of the motion.... Failure to comply may be deemed sufficient cause for the denial of the motion or the granting of the motion by default.

■ As described above, plaintiff did not submit a memorandum of law with his Cross–Motion. Moreover, even if this Court were to broadly construe the Mareno Affidavit as a memorandum of law, this Court observes that the document, as quoted above, is devoid of reference to any "points and authorities" or other legal bases for plaintiff's motion. As a result, this Court finds that plaintiff's Cross–Motion violates both Local Rule 3(b) and this Court's Individual Rule 4, and that it therefore should be denied.

■ Second, this Court finds that plaintiff's Cross–Motion is premised on a factual inaccuracy. The Mareno Affidavit declares that "[f]rom its inception this case has languished in the wrong venue as the result of the filing of the *Pro Se* complaint at Foley Square rather than at White Plains where the plaintiff resides and where the cause of action arose." (Mareno Aff. at 1.) As the Second Circuit found, however, the record in this case reveals that during the period of time between plaintiff's filing of his Complaint and Amended Complaint, plaintiff "attempted energetically to prosecute his case while he was pro se," and that progress on

this case ceased "when [plaintiff] obtained an attorney." 86 F.3d at 38. This Court finds Mareno's attempt to deflect attention from his own role in delaying this case by misrepresenting to this Court the reasons why "this case has languished" to be disingenuous and deceitful.

■ This Court believes that counsel's conduct may warrant sanctions under Federal Rule of Civil Procedure 11, which states:

> By presenting ... the court [with] ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the allegations and other factual contentions have evidentiary support....

Before Rule 11 sanctions can be imposed, however, a court must provide a party with a reasonable opportunity to respond. *See* Fed. R.Civ.P. 11(c). Rule 11(c)(1)(B) states:

> On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney ... to show cause why [he] has not violated subdivision (b) with respect thereto.

This Court finds that such an order is warranted in the instant case. Accordingly, defense counsel Antonio Mareno is ordered to appear before this Court at 2:30 p.m. on Thursday, March 27, 1997, to show cause why this Court should not impose Rule 11 sanctions for the conduct described in *this* Opinion and Order.

## II. Defendant's Motion to Dismiss

Defendant renews is motion to dismiss for failure to prosecute, pursuant to Rule 41(b) or, in the alternative, for summary judgment, pursuant to Rule 56.[1] (Deft. Memo at 1.) According to defendant, both Rule 41 and a district court's "inherent power" authorize a *federal trial court* to dismiss a plaintiff's action with prejudice for failure to prosecute. *Id.* at 15. Defendant explains that the Second Circuit has consistently held that a dis-

---

1. Because this Court finds that defendant's motion to dismiss for failure to prosecute should be granted, this Court need not reach the question whether summary judgment is appropriate in the instant case.

missal for lack of prosecution is a discretionary act that will be overturned only for an abuse of the district court's discretion, and that it has identified five factors pertinent to the question of whether dismissal is appropriate in a given case. *Id.* at 16. Defendant recites these factors as follows:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike a balance between alleviating court calendar congestion and protecting a party's right to due process and a chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* at 17. Defendant then argues that examining the record in this case in light of these five factors demonstrates that plaintiff's complaint should be dismissed for failure to prosecute. *Id.* at 17–27. As previously stated, plaintiff has not responded to defendant's motion.

■ As the Second Circuit previously stated in this case "[a] problem repeatedly faced by trial courts in exercising their discretionary control over case management is how to sanction dilatory conduct by litigants." *Dodson*, 86 F.3d at 39. "The selection of an appropriate sanction, including dismissal for failure to prosecute, is a matter consigned to the discretion of the district court," that will be reversed only for abuse of that discretion. *Id.; see Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Nita v. Connecticut Dept. of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir.1994).

■ As defendant correctly, stated, the Second Circuit consistently has identified the five factors as pertinent to the question whether dismissal is an appropriate remedy for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike a balance between alleviating court calen-

dar congestion and protecting a party's right to due process and a chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Dodson*, 86 F.3d at 40; *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988); *Harding v. Federal Reserve of New York*, 707 F.2d 46, 50 (2d Cir.1983).

■ Reviewing the record in this case in light of these factors, this Court finds that they undeniably support this Court's earlier conclusion that defendant's motion to dismiss for failure to prosecute should be granted. Turning to the first factor, the duration of plaintiff's failures, the record is clear that plaintiff failed to take any action to advance his claims for nearly five years. On June 20, 1990, plaintiff deposed his former supervisor at the Postal Service, then took no further steps of any kind. On September 8, 1992, defendant sought this Court's permission to file a motion to dismiss, pursuant to both Rule 41 and Rule 56. Several months lapsed without any response from plaintiff to defendant's request, and defendant filed its first motion to dismiss in January 1993.

Plaintiff's counsel subsequently submitted a one-paragraph memorandum of law and an affirmation in opposition to defendant's motion. In these documents, plaintiff contended that "defendant is attempting to shift responsibility for the dormancy of this action from the shoulders of the court to the plaintiff," and expressed frustration that the Court had not conducted a pretrial conference in this case. (Plaintiff's Affirmation in Opposition, *Dodson v. Runyon*, 87 Civ. 4156 (Feb. 19, 1993) ("Opp. Aff.").) Plaintiff then sought to excuse his inaction by explaining that he had been waiting for his case to be transferred sua sponte to White Plains, and that his counsel had been holding off on investigating the case until plaintiff reported to counsel the results of plaintiff's own "evidence gathering." *Id.* at 2. Between February 1993 and February 1995, when this Court issued the 1995 Order, plaintiff took no action in this case. In light of the five-year duration of plaintiff's consistent inaction, this

Court finds that this first factor supports defendant's motion to dismiss for failure to prosecute.

The second factor—whether plaintiff received sufficient notice that his case would be dismissed—demands a similar conclusion. Defendant's September 8, 1992, letter to plaintiff noticed plaintiff of defendant's intent to move for a Rule 41(b) dismissal for failure to prosecute. Despite this notice, plaintiff did nothing until *after* defendant actually filed its motion four months later. Moreover, plaintiff has neither disputed that he was given ample notice of dismissal, nor explained why his case should not be dismissed. In fact, plaintiff has not even responded to defendant's current motion for dismissal. Accordingly, this Court finds that plaintiff's delay in acting despite ample notice of defendant's intention to move for dismissal also supports the conclusion that defendant's motion be granted.

■ Regarding the third factor, this Court finds that defendant will be prejudiced be further delay. As an initial matter, this Court notes that prejudice to defendant may be presumed where a delay in prosecution is neither moderate not excusable. *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir.1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law"); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982) (same); *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 67 (S.D.N.Y.1989) (two year delay "with no end in sight" is evidence of prejudice to defendants). Moreover, the events giving rise to plaintiff's cause of action occurred more than eleven years ago. As the Second Circuit has found, a delay of this length makes likely the chance that memories have faded and, and that witnesses who might once have been available may well not be found. *Peart*, 992 F.2d at 462. Plaintiff himself conceded this fact in his affirmation in opposition to defendant's first motion to dismiss by noting the "dispersal of his potential deposition candidates." (Opp. Aff. at 5.) This Court thus finds that defendant's ability to defend the instant litigation has been compromised by plaintiff's protracted delay in prosecuting his case, and that it therefore would be unfair to require defendant to have to mount a defense to plaintiff's accusations. Accordingly, this Court finds that *this factor also weighs in favor of granting defendant's motion to dismiss.*

Finally, this Court finds that the fourth and fifth factors pertinent to a determination whether this Court should dismiss plaintiff's case do not require a different result than the first three. Plaintiff was on notice by September 1992 that his inaction could lead to dismissal of the action, but nonetheless chose not to conduct any discovery for nearly two and one-half years after that date. As defendant correctly argues, any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making. Moreover, given plaintiff's notice of dismissal and the unexplained length of his delay, this Court finds that no lesser sanction is appropriate. The Second Circuit has stated that "[t]he primary rationale underlying dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently." *Lyell Theatre Corp.*, 682 F.2d at 43. This duty is designed to achieve "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources...." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir.1980). As then–District Judge Kenneth Conboy once observed,

> [i]t is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as sanction for his unjustified conduct. Dismissal is warranted where there is a lack of due diligence in the prosecution of the law suit by the plaintiff.

*West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y.1990). This Court thus finds that all factors of the Second Circuit's five-factor test support the conclusion that plaintiff's case should be dismissed for failure to prosecute.

The Second Circuit's explicit instruction to this Court in this case to consider lesser sanctions does not change this result. The Supreme Court recently noted in a Title VII

case that "[u]nder our system of representative litigation, 'each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all the facts, notice of which can be charged upon the attorney.'" *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 92, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)). Indeed, the Supreme Court has explicitly rejected the argument that dismissal of a plaintiff's complaint because of his counsel's "unexcused conduct imposes an unjust penalty on the client" because plaintiff "voluntarily chose his attorney as his representative in the action, and he cannot ... avoid the consequences of the acts or omissions of this freely selected agent." *Link,* 370 U.S. at 633, 82 S.Ct. at 1390. The Second Circuit acknowledged this principle in its 1996 Opinion in the instant case. *See Dodson,* 86 F.3d at 40 (citing *Link,* 370 U.S. at 633–34 & n. 10, 82 S.Ct. at 1390 & n. 10).

Moreover, plaintiff's counsel is not alone at fault for the delay in this case, for plaintiff's own behavior was a contributing factor. From April 1989 until June 1990 when plaintiff retained Mareno, plaintiff did nothing to further this litigation—he took no depositions, served no discovery requests, and failed to respond to defendant's interrogatories and document requests. In addition, in the affirmation in opposition to defendant's first motion to dismiss, plaintiff's counsel explicitly states that he was "sharing investigative responsibilities with plaintiff," and that counsel had been holding off on investigating plaintiff's case until plaintiff reported to his counsel the result's of plaintiff's own "evidence gathering." (Opp. Aff. at 2.) This Court finds that these assertions demonstrate that plaintiff was both aware of and contributed to the lack of action in this case. Accordingly, this Court also finds that a lesser sanction is not warranted in the instant case, and that dismissal of plaintiff's case is appropriate.

### CONCLUSION

IT IS HEREBY ORDERED THAT plaintiff's motion to transfer is DENIED.

IT IS FURTHER ORDERED THAT defendants' motion to dismiss for failure to prosecute is GRANTED.

IT IS FURTHER ORDERED THAT the case *Dodson v. Runyon,* 87 Civ. 4156 (DNE) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED THAT Antonio Mareno appear before this Court at 2:30 p.m. on Thursday, March 27, 1997, to show cause why this Court should not impose Rule 11 sanctions for the conduct described in this Opinion and Order.

SO ORDERED.