Elijah **FEURTADO**, Plaintiff,

v.

**CITY OF NEW YORK,**
et al., Defendants.

No. 03 Civ.1147 GWG.

United States District Court,
S.D. New York.

Oct. 4, 2004.

Elijah Feurtado, Brooklyn, NY, for Plaintiff, pro se.

Susan P. Scharfstein, Assistant Corporation Counsel, New York, NY, for Defendants.

## OPINION AND ORDER

GORENSTEIN, United States Magistrate Judge.

*Pro se* plaintiff Elijah Feurtado commenced this action under 42 U.S.C. § 1983 seeking relief for civil rights violations stemming from his arrest on May 29, 2001. The defendants, Police Officer Sean Kelleher and the City of New York have moved for partial summary judgment. The parties have consented to the disposition of this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the following reasons, the defendants' motion for partial summary judgment is granted.

## I. BACKGROUND

### A. The Complaint

Feurtado's complaint alleges that on May 29, 2001 he was "wrongfully detained ... and eventually arrested" by Officer Kelleher. Complaint, filed February 20, 2003 (Docket # 1), ¶¶ 1, 7. Feurtado's complaint further alleges that despite compliance with Officer Kelleher's instructions, Officer Kelleher "handcuffed [him] viciously, beat and kicked ... and otherwise abused [him]." Complaint ¶¶ 8, 9.

Feurtado has asserted claims solely under 42 U.S.C. § 1983. He alleges that he was subjected to "unreasonable force, unlawful detention, punishment without due process, unconstitutional conditions of confinement, [and] deprivations of [his] right to observe and exercise [his] religious practices." Complaint at 1. He also asserts that he "received injuries about [his] body and was humiliated." *Id.* Feurtado cites the First, Fourth, Sixth and Fourteenth Amendments to the United States

Constitution as bases for his claims. *See id.*

### B. *The Evidence Submitted on the Summary Judgment Motion*

Feurtado did not submit opposition papers to the defendants' motion for summary judgment. The following facts are thus taken from the defendants' Statement Pursuant to Local Civ. R. 56.1, each paragraph of which contains citations to evidence in the record, including arrest reports and a Criminal Court affidavit. *See* Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, dated May 7, 2004 (Docket # 17) ("Def. Statement").

On May 29, 2001, at approximately 11:00 a.m., while patrolling in the vicinity of 52nd Street and Avenue U in Brooklyn, New York, Police Officer Sean Kelleher observed Feurtado block traffic when he let out passengers without pulling to the curb. *See* Def. Statement ¶¶ 2, 3. After stopping Feurtado in an attempt to issue him a summons for the traffic violations, Officer Kelleher ran a warrant check, which revealed two active warrants for Feurtado's arrest. *See id.* ¶ 4. Officer Kelleher informed Feurtado that the warrants had been issued, *see id.* ¶ 8, and requested that Feurtado exit the van, *see id.* ¶ 5. When Feurtado did not, Officer Kelleher attempted to handcuff him and a struggle ensued. *See id.* Feurtado was thereupon arrested for obstructing governmental administration, resisting arrest, violations of the vehicle and traffic laws, and obstructing traffic. *See id.* ¶ 9. The District Attorney's Office eventually charged Feurtado with resisting arrest. *See id.* ¶ 10. On May 30, 2001, Feurtado pled guilty to the offense of disorderly conduct and was sentenced to time served. *See id.* ¶ 11.

### C. *Procedural History*

The complaint in this matter was filed on February 20, 2003, listing as the only named defendants the City of New York and Police Officer Sean Kelleher. *See* Complaint at 1.

After several extensions of fact discovery, the Court set a schedule under which any dispositive pre-trial motions were required to be served by May 7, 2004, with any opposition papers to such a motion due by May 28, 2004. *See* Order, filed March 4, 2004 (Docket # 14), at 2.

The defendants timely filed the instant motion for summary judgment pursuant to Fed.R.Civ.P. 56. *See* Notice of Motion, filed May 7, 2004 (Docket # 16) (Notice of Motion), at 1. The motion included a statement pursuant to Local Civil Rule 56.1 listing the undisputed material facts. *See* Def. Statement. The motion also included the notice required by Local Civ. R. 56.2 warning Feurtado of the consequences of a failure to respond. *See* Local Civil Rule 56.2 Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment, filed May 7, 2004 (Docket # 18) at 1. The notice reminded Feurtado that any failure to submit opposition papers would mean that the facts stated in the defendants' statement pursuant to Rule 56.1 would be "deem[ed] true." *Id.* at 2. In addition, it warned Feurtado that "SOME OF THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your own papers as required by Rule 56(e)." *Id.* at 1 (capitalization in the original).

The defendants' Notice of Motion repeated the Court's deadline for the filing of Feurtado's papers. *See* Notice of Motion at 1 ("**PLEASE TAKE FURTHER NOTICE** that plaintiff's opposition papers, if any, are required to be served upon the undersigned on or before May 28, 2004") (capitalization and emphasis in the original). Feurtado filed no opposition papers on May 28, 2004, however; nor did he

request that the deadline be extended. Subsequently, the defendants wrote to the Court noting that Feurtado had failed to respond and asking that the motion be deemed fully submitted—a request that the Court granted. *See* Memorandum Endorsement, filed June 15, 2004 (Docket # 21), at 1. Feurtado raised no objection to that Order. To date, he has filed no papers in opposition to the defendants' motion and has not otherwise contacted the Court.

## II. *LAW GOVERNING SUMMARY JUDGMENT*

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). A genuine issue of material fact "may reasonably be resolved in favor of either party" and thus should be left to the finder of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. *Id.* at 255, 106 S.Ct. 2505 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, the nonmoving party "must come forward with 'specific facts showing there is a *genuine issue for trial,*'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)) (alteration in original), and "may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998); *accord Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 42 (2d Cir.1986), *cert. denied* 479 U.S. 1088, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987). Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case." *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993) (quoting *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548) (internal quotations omitted). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir.1996) (citing *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505).

■ The Second Circuit has held that *pro se* litigants must be given express notice of the ramifications of failing to respond to an opponent's motion for summary judgment. *See, e.g., McPherson v. Coombe*, 174 F.3d 276, 280–81 (2d Cir. 1999). As noted, Feurtado was served with the appropriate notice but nonetheless failed to file any opposition papers. Of course, the fact that Feurtado is "proceeding *pro se* does not otherwise relieve [him] from the usual requirements of summary judgment." *Fitzpatrick v. N.Y. Cornell Hosp.*, 2003 WL 102853, at *5 (S.D.N.Y. Jan.9, 2003) (citing cases); *accord Johnson v. N.Y. Hosp.*, 1998 WL 851609, at *8 (S.D.N.Y. Dec.9, 1998) (citing cases), *aff'd*, 189 F.3d 461 (2d Cir.1999).

## III.  *DISCUSSION*

As noted, Feurtado's complaint asserts various constitutional claims arising from his arrest on May 29, 2001.  The defendants' motion for summary judgment is based on the following grounds: (1) Feurtado is unable to prove one or more elements of his false arrest and malicious prosecution claims;  (2) Police Officer Kelleher is entitled to qualified immunity; and (3) Feurtado cannot prove his *Monell* claim.  *See* Defendants' Memorandum of Law in Support of their Motion for Summary Judgment, filed May 7, 2004 (Docket #20) ("Def. Mem."), at 2.[1]  Because the defendants' are not moving for summary judgment with respect to all the claims in the complaint, their motion is in reality only for "partial" summary judgment.

■  To state a claim under 42 U.S.C. § 1983, a plaintiff must show that there has been a denial of a right, privilege, or immunity secured by the Constitution or laws of the United States, and that the deprivation of such right occurred under color of state law.  *See* 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).  Section 1983 does not in and of itself create any substantive rights;  rather, a plaintiff bringing a section 1983 claim must demonstrate a violation of an independent federal constitutional or statutory right.  *See Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617–18, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979).

### A.  *False Arrest and Malicious Prosecution Claims*

Feurtado states that he was allegedly subject to "unlawful detention" and that the police "conceal[ed] their misconduct through bogus charges."  Complaint at 1, ¶ 11.  Thus, construing Feurtado's *pro se* complaint liberally, *see, e.g., Weixel v. Bd. of Educ. of City of New York,* 287 F.3d 138, 145–46 (2d Cir.2002), he appears to raise claims of false imprisonment and malicious prosecution under the Fourth Amendment to the United States Constitution.

■  To prove a claim under section 1983 for false arrest or imprisonment, Feurtado must prove that (1) Officer Kelleher intended to confine him;  (2) he was conscious of the confinement;  (3) he did not consent to the confinement;  (4) and the confinement was not otherwise privileged.  *See, e.g., Shain v. Ellison,* 273 F.3d 56, 67 (2d Cir.2001), *cert. denied* 537 U.S. 1083, 123 S.Ct. 672, 154 L.Ed.2d 582 (2002);  *Singer v. Fulton County Sheriff,* 63 F.3d 110, 118 (2d Cir.1995), *cert. denied* 517 U.S. 1189, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996).  Probable cause acts as a privilege and exists where "the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested."  *Singer,* 63 F.3d at 119 (quoting *O'Neill v. Town of Babylon,* 986 F.2d 646, 650 (2d Cir.1993)) (internal quotations omitted).  In order to prove a

---

**1.** While defendants have moved to dismiss Feurtado's "state law claims," Def. Mem. at 16, Feurtado's complaint seeks relief only under 42 U.S.C. § 1983.  Complaint ¶¶ 1, 13.  Even if the complaint were liberally construed as raising state law claims, defendants are correct that such claims would have to be dismissed as untimely under Gen. Municipal Law § 50–i, which requires any state law claim against the City or its employees acting within the scope of their employment to have been brought within a year and 90 days of the date the claim arose.  Feurtado's claims arose on the date he was arrested, May 29, 2001, but this action was not filed until February 20, 2003.  Because the complaint was not brought within that time period, any state law claims would have to be dismissed.  *See, e.g., Barnett v. Dillon,* 890 F.Supp. 83, 87 (N.D.N.Y.1995).

claim for malicious prosecution, Feurtado must "establish that (1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted with actual malice." *See, e.g., Bonide Prods., Inc. v. Cahill,* 223 F.3d 141, 145 (2d Cir.2000) (quoting *Posr v. Doherty,* 944 F.2d 91, 100 (2d Cir.1991)). Thus, Feurtado cannot prevail on his false arrest and malicious prosecution claims if Officer Kelleher had probable cause to arrest and prosecute him.

■ The evidence in the record shows that Officer Kelleher indeed had probable cause for arresting and prosecuting Feurtado. First, Officer Kelleher observed Feurtado violating a traffic ordinance, New York City, N.Y., Traffic Rules and Regs., tit. 34, § 4–11 (2004), which prohibits discharging passengers from a for-hire vehicle or commuter van without pulling over to the side of the road. *See* Def. Statement ¶¶ 2, 3. Second, Feurtado had two outstanding warrants at the time of his arrest. Def. Statement ¶¶ 4, 6. Because the existence of probable cause negates a necessary element of both false arrest and malicious prosecution claims, the defendants are entitled to summary judgment with respect to these claims. *See Singer,* 63 F.3d at 119; *Cahill,* 223 F.3d at 145.

### B. *Qualified Immunity of Officer Kelleher*

The defendants argue that "all claims" against Officer Kelleher should be dismissed on the basis of qualified immunity. *See* Def. Mem. at 9, 11. Because Feurtado has not met his burden of showing that he was the victim of a false arrest or malicious prosecution, it is unnecessary to reach the issue of whether Officer Kelleher enjoys qualified immunity for these two claims.

Feurtado's complaint raises one other claim against Officer Kelleher, however. While the complaint contains only a conclusory—and therefore insufficient—assertion that he was denied his "right to observe and exercise [his] religious practices," Complaint at 1, he does sufficiently allege that Officer Kelleher used excessive force in effectuating his arrest. *See* Complaint, ¶¶ 8–9. In his motion for summary judgment, however, Officer Kelleher does not discuss the claim of excessive force. Rather, his argument is directed exclusively to Feurtado's claims of false arrest and malicious prosecution. *See* Def. Mem. at 9–11, 17. Accordingly, Feurtado's excessive force claim remains part of this case.

### C. *Claims Against the City of New York*

Feurtado's complaint alleges that the City "created and fostered an atmosphere where police officers believed that they could apply unlawful force to citizens and conceal their misconduct through bogus charges. . . ." *See* Complaint ¶ 11. Feurtado's complaint also alleges that the City "failed to train officers on the proper use of force" and that, as a result, the officers "were encouraged to violate [his] constitutional rights." *Id.* Again, construing Feurtado's *pro se* complaint liberally, these allegations suggest that Feurtado is bringing a claim under *Monell v. N.Y. City Dep't of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The defendants in their brief, however, have asserted that there is no evidence demonstrating that the City committed a *Monell* violation, *see* Def. Mem. at 13 (plaintiff's *Monell* allegations are "completely unfounded"), although the defendants have provided no

affirmative evidence to support this contention.

■ Under *Celotex*, where a nonmoving party bears the burden of proof on an issue, it is sufficient for the party moving for summary judgment to "point[ ] out to the district court ... that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. The moving party may use a memorandum or brief to "point to" the absence of evidence and thereby shift to the nonmovant the obligation to come forward with admissible evidence supporting its claim. *See, e.g., Webster v. City of New York*, 333 F.Supp.2d 184, 206 (S.D.N.Y.2004) ("conclusory assertion in its memorandum of law that plaintiffs have no evidence to prove their case" sufficient to require plaintiffs to provide evidence of *Monell* violation in order to avoid summary judgment); *see generally Foley v. Int'l Broth. of Electrical Workers Local Union 98*, 91 F.Supp.2d 797, 813 (E.D.Pa. 2000); *Calhoun v. City of Keego Harbor*, 771 F.Supp. 1473, 1475–76 (E.D.Mich. 1991). Because Feurtado bears the burden of proving his *Monell* claim, *see Miner v. City of Glens Falls*, 999 F.2d 655, 660 (2d Cir.1993) (plaintiff bears burden of proof in section 1983 action), the City's assertion in its brief that there is no evidence of a *Monell* violation required Feurtado to furnish admissible evidence in support of his claim. *See, e.g., Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *accord* 11 James Wm. Moore, *Moore's Federal Practice* § 56.13[1], at 56–138 (3d ed.2004). Feurtado has submitted no evidence whatsoever and thus summary judgment must be entered on this claim in favor of the defendants.

This Court does not view *Giannullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003), as changing this result. In *Giannullo*, the defendant had used its Rule 56.1 Statement to make factual assertions without supporting evidentiary citations in apparent violation of the terms of that rule. Because Local Civil Rule 56.1(d) requires that admissible evidence be provided in support of each statement of undisputed fact contained therein, *Giannullo* rejected the defendant's attempt to obtain summary judgment. While *Giannullo* does contain a broad statement that a motion for summary judgment must be denied if the movant does not meet its burden of providing "admissible evidence" in support of its motion, 322 F.3d at 140, *Giannullo* did not purport to contradict *Celotex'*s holding that in fact a movant is not required to provide admissible evidence in cases where the movant does not bear the burden of proof on the issue that is the subject of its motion.

■ In a footnote, *Giannullo* stated that it was requiring the defendant to furnish evidence in support of the defendant's "affirmative[ ] assert[ion] that, as a result of a particular sequence of events, the police had sufficient collective knowledge to justify a facially defective arrest." *Id.* at 141 n. 2. Thus, *Giannullo* may have viewed the defendant in that case as bearing the burden of proving the police's justification for the arrest—although the Second Circuit has since made clear that it is an open question whether the defendant has any burden of proving probable cause in a section 1983 false arrest case. *See Davis v. Rodriguez*, 364 F.3d 424, 434 n. 8 (2d Cir.2004); *see also Shain*, 273 F.3d at 67 (to show false arrest claim under section 1983, *"plaintiff must demonstrate* that ... the confinement was not otherwise privileged") (emphasis added). Under this reading, *Giannullo* is best understood simply as holding that where the movant does bear the burden of proof on an issue, it must furnish evidence in support of its contentions in the Rule 56.1 Statement. Even given its broadest interpretation,

*Giannullo* could at most be read as holding that where the movant does not bear the burden of proof on an issue, the movant should not use the Rule 56.1 statement as the vehicle for "pointing out" the absence of evidence in support of the nonmovant's claim. Obviously, a memorandum of law may still be used for this purpose.[2]

In sum, because Feurtado bears the burden of proving his *Monell* claim, the City was entitled to require Feurtado to set forth the evidence in support of his claim—on penalty of having summary judgment entered against him—without itself submitting any evidence to the Court.

*Conclusion*

For the foregoing reasons, the defendants' motion for partial summary judgment (Docket # 16) is granted.

SO ORDERED

**2.** *Vt. Teddy Bear Co., Inc. v. 1–800 Beargram Co.,* 373 F.3d 241, 244–45 (2d Cir.2004), also did not change the procedure articulated in *Celotex.* While *Vt. Teddy Bear* vacated a district court order granting summary judgment based solely on the nonmoving party's failure to respond to a summary judgment motion, the moving party in that case was the plaintiff, who bore the burden of proof on the issue raised in the summary judgment motion. *Id.* at 243, 247.