Elijah **FEURTADO,** Plaintiff,

v.

**CITY OF NEW YORK,**
et al., **Defendants.**

**No. 03 Civ. 1147(GWG).**

United States District Court,
S.D. New York.

Dec. 15, 2004.

Elijah Feurtado, Brooklyn, NY, plaintiff pro se.

Susan P. Scharfstein, Assistant Corp. Counsel, New York City, for defendants.

## OPINION AND ORDER

GORENSTEIN, United States Magistrate Judge.

*Pro se* plaintiff Elijah Feurtado brought this action under 42 U.S.C. § 1983 seeking relief for alleged civil rights violations stemming from his arrest on May 29, 2001. The parties have consented to the disposition of this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). On October 4, 2004, this Court granted a motion for partial summary judgment filed by the defendants, Police Officer Sean Kelleher and the City of New York, dismissing all of Feurtado's claims except for his claim alleging that Officer Kelleher used excessive force in effectuating his arrest. *See Feurtado v. City of New York,* 337 F.Supp.2d 593, 598 (S.D.N.Y.2004) *("Feurtado I").* For the following reasons, Feurtado's excessive force claim is dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to comply with orders of this Court and for failure to prosecute.

## I. BACKGROUND

### A. Failure to Submit Pre–Trial Order Materials

As noted, the Court concluded in *Feurtado I* that Feurtado's excessive force claim should proceed to trial. *Feurtado I* at 598. Accordingly, the Court issued a separate Order stating, in relevant part, that

> on or before October 18, 2004, plaintiff is directed to provide to defendant's counsel the plaintiff's portion of the materials required for the pre-trial order as set forth in paragraph 3.B of this Court's Individual Practices. Plaintiff shall cooperate with defendant's counsel in preparing the pre-trial order. Defendant shall submit the completed pre-trial order to the Court *on or before November 1, 2004.*
>
> Failure to comply with these deadlines may result in sanctions, including but not limited to dismissal of this case or entry of a default.

Order, filed October 4, 2004 (Docket # 22) ("October 4 Order"), at 1 (emphasis in original).

Feurtado did not comply with this Order, however, as reflected in a letter to the Court from defendants' counsel, Susan Scharfstein. *See* Letter from Susan P. Scharfstein to the Hon. Gabriel W. Gorenstein, dated October 22, 2004 (annexed to Memorandum Endorsement, dated October 27, 2004 (Docket # 24) ("October 27 Order")), at 1. Feurtado was certainly aware of this Order because Scharfstein informed the Court that she had spoken with Feurtado about it on October 19, 2004 after his materials failed to arrive. *See id.* At that time, Feurtado informed Scharfstein that "he had delivered documents that he had received from the Court" to an attorney, Steven Hubert. *Id.* Scharfstein's letter also stated that Feurtado was unable to "specify when he expected to provide the necessary materials." *Id.*

This was not the first time that Feurtado relied upon Hubert in an attempt to excuse himself from his obligations in this case. In March 2004, Feurtado failed to appear at a deposition—apparently because he was dissatisfied with the defendants' settlement offers. *See* Letter from Susan P. Scharfstein to the Hon. Gabriel W. Gorenstein, dated March 1, 2004 (Docket # 15) ("March 1 Letter"), at 1–2. Scharfstein indicated that, on the morning of March 1st, Feurtado left several voice mail messages for Scharfstein advising her that he would not attend the deposition and that she should contact Hubert. *Id.* at 1. Hubert, however, had previously advised the Court unequivocally that he would not represent Feurtado in this matter. *See* October 27 Order at 1.

Accordingly, on October 27, 2004, the Court issued another Order directing Feurtado to provide Scharfstein with his portion of the pre-trial order. *See* October 27 Order at 1. The Order reminded Feurtado that Hubert had previously indicated that he would not represent him in this case. *See id.* The Order also noted that Feurtado's failure to timely provide his portion of the pre-trial order materials "[was] not the first time that [his] conduct has delayed this matter," referring to Feurtado's failure to appear at his first scheduled deposition. *See id.* In addition, the Order stated as follows:

> [T]he Court will grant one final extension to Mr. Feurtado. He is directed to provide his portion of the pre-trial order to

Ms. Scharfstein on or before November 5, 2004. The pre-trial order shall be submitted to the undersigned on or before November 19, 2004. Mr. Feurtado is again hereby warned that if he fails to provide these materials, *this case may be dismissed without further notice for failure to prosecute.*

*Id.* (emphasis in original).

On November 10, 2004, Scharfstein again informed the Court that Feurtado had not submitted the pre-trial order materials. Letter from Susan P. Scharfstein to the Hon. Gabriel W. Gorenstein, dated November 10, 2004 ("Nov. 10 Letter"), at 1. Again, it was clear that Feurtado had received this order based on Scharfstein's statement that she had recently spoken with Feurtado by telephone about his failure to provide the required materials to her. *Id.* Feurtado stated to Scharfstein that "he ha[d] submitted a new application for appointment of counsel to the Pro Se Office of the Court." *Id.* During the course of this conversation, Feurtado also informed Scharfstein that he was uncertain as to when he would be able to provide his portion of the pretrial order. *Id.*

Scharfstein "request[ed] that the Court dismiss this action for failure to comply with the Court's order and for failure to prosecute." *Id.* Feurtado never submitted any letter or other writing opposing this request. Nor, as it turns out, has he ever made a request to the Court for counsel—an application that certainly would have been denied based on the current record.

**B.** *Other Failures to Adhere to Court Mandates*

Feurtado has been guilty of other derelictions in this case. As noted, Feurtado failed to appear at his March 2004 deposition. As a result, this Court issued an Order rescheduling his deposition. *See* Order, dated March 3, 2004 (Docket # 14) ("March 3 Order"), at 1. This Order also informed Feurtado that his failure "to comply with [the Court's] order" could result in his case "be[ing] dismissed[,] and that he may be subject to other sanctions, including a financial sanction and/or an order of contempt." *Id.* at 2.

Previously, in October 2003, Feurtado had failed to serve written responses to defendants' interrogatories and requests for production of documents. *See generally* Letter from Susan P. Scharfstein to the Hon. Gabriel W. Gorenstein, dated November 20, 2003. On November 21, 2003, this Court issued an Order directing Feurtado to respond to certain interrogatories and document requests. *See* Order, dated November 21, 2003 at 2 (docketed as entry # 14 in 03 Civ. 1145) ("Nov. 21 Order"). Nonetheless, Feurtado did not respond to the interrogatories and document requests. *See generally* Letter from Susan P. Scharfstein to the Hon. Gabriel W. Gorenstein, dated December 11, 2003 (Docket # 11). The Court subsequently issued an Order directing Feurtado to respond to the discovery requests by January 10, 2004. *See* Memorandum Endorsement, dated Dec. 18, 2003 ("Dec. 18 Order") (Docket # 11).

On January 12, 2004, Scharfstein submitted yet another letter to the Court detailing numerous discovery requests to which Feurtado still had not responded. *See generally* Letter from Susan P. Scharfstein to the Hon. Gabriel W. Gorenstein, dated January 12, 2004. These failures ultimately had to be resolved at a conference before the Court.[1]

## II. *DISCUSSION*

### A. *Dismissal Pursuant to Fed.R.Civ.P. 41(b)*

■ Fed.R.Civ.P. 41(b) provides in relevant part:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

"A district court may, *sua sponte*, dismiss an action for lack of prosecution pursuant to Fed.R.Civ.P. 41(b)." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir.1993) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir.1982)). Dismissal pursuant to Rule 41(b) for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *accord Lyell Theatre Corp.*, 682 F.2d at 43. Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Harding v. Fed. Reserve Bank*, 707 F.2d 46, 50 (2d Cir.1983) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir.1972) (per curiam)), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp.*, 682 F.2d at 42.

■ In determining whether a district court has properly dismissed an action pursuant to Rule 41(b), an appellate court considers the following factors:

[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir.1994) (internal bracketing omitted) (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). In general, "no factor is dispositive"

---

1. The Court had initially called a conference for January 21, 2004, but Feurtado failed to appear. Scharfstein indicated that she had informed Feurtado of the conference and its location both by letter and via a telephone call on January 15, 2004. *See* Order, dated Jan. 21, 2004 (Docket # 12) ("Jan. 21 Order"), at 1. In a letter dated January 30, 2004, Feurtado informed the Court that he did not attend the January 21st conference because he did not know that the confer-

ence was to take place in the courtroom located at 40 Centre Street, *see* Letter from Elijah Feurtado to the Hon. Gabriel W. Gorenstein, dated Jan. 30, 2004, at 1, even though he had previously appeared before the Court at 40 Centre Street. The January 21st Order directed the parties to appear for a conference on February 5, 2004. Jan. 21 Order at 1. Feurtado did appear at that conference.

in determining whether dismissal is warranted. *See Spencer v. Doe,* 139 F.3d 107, 113 (2d Cir.1998) (citing *Nita v. Conn. Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994)); *see also Acot v. N.Y. Med. Coll.,* 153 F.R.D. 517, 520 (S.D.N.Y.1993) ("[n]o single factor ... has talismanic significance in determining whether" to dismiss pursuant to Rule 41(b)). Moreover, although district courts are not required to discuss the factors on the record, "notions of simple fairness suggest that a *pro se* litigant should receive an explanation before his or her suit is thrown out of court." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996). Here, the five factors favor dismissal of this action.

### B. *Analysis*

#### 1. *Duration*

■ The duration factor is of limited significance where a party deliberately disobeys court orders. *See Peart v. City of New York,* 992 F.2d 458, 461 (2d Cir.1993). In such an instance, the impetus for dismissal derives from the wilfulness of the party's actions rather than the time period that has elapsed as a result of those actions.

In any event, consideration of this factor favors dismissal. The duration factor "breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 255 (2d Cir.2004) (citing *Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir.2001)). Here, Feurtado failed to comply with two court orders requiring him to provide his portion of the materials required for the pre-trial order.[2] Both of these Orders contained an explicit warning that the failure to comply could result in dismissal of his suit. *See* October 4 Order at 1; October 27 Order at 1. These failures must also be viewed against the backdrop of Feurtado's multiple failures to adhere to his discovery obligations. *See*

Nov. 21 Order at 2; Dec. 18 Order at 1; March 1 Letter at 1–3; *see generally Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 194 n. 6 (2d Cir.1999) (relying upon plaintiff's previous acts of delay during the course of the action to support a finding that the plaintiff's delay warranted dismissal pursuant to Rule 41(b)). All delays that have occurred in this case are obviously the responsibility of Feurtado and not the defendants. *Cf. Jackson,* 22 F.3d at 75 (dismissal for failure to comply with court order constituted an abuse of discretion where the delays in the proceedings "appear to have been as much the defendants' fault as they were [plaintiff's]"). Although the Court twice extended the fact discovery period at defendants' request prior to the commencement of Feurtado's period of inactivity, *see* Dec. 18 Order; March 3 Order at 2, these extensions were necessary due to *Feurtado's* repeated failure to comply with the defendants' discovery requests and to appear at his deposition.

In addition to disobeying orders of this Court, Feurtado has not taken any steps to prosecute this action since he appeared at his deposition on March 22, 2004, a period of nearly nine months. Thus, Feurtado did not file opposition papers to defendants' May 2004 summary judgment motion. Nor did he respond to defendants' request that the motion be deemed fully submitted without his opposition papers. *See* Memorandum Endorsement, dated June 15, 2004 (Docket # 21). He has not even responded to defendants' letter request that this case be dismissed for failure to prosecute. *See* Nov. 10 Letter at 1.

In addition, because Feurtado has ignored two court orders requiring submission of pre-trial materials, it appears that he is prepared simply to continue to delay his submission of his portion of the pre-trial order indefinitely. *See Lukensow v. Harley Cars of N.Y.,* 124 F.R.D. 64, 67 (S.D.N.Y.1989) (dismissal

---

**2.** While Feurtado apparently provided excuses for his failure to comply with these orders to defense counsel—indicating that he has failed to comply with the orders due to his dissatisfaction with the defendants' purported settlement offers, his attempts to involve Hubert and his plan to obtain appointed counsel—he has never provided an explanation to the Court. In any event, none of his excuses makes any sense. First, his dissat-

isfaction with his settlement discussions obviously has no bearing on his obligation to comply with a court order. Second, Feurtado has been aware since December 18, 2003 that Hubert would not represent him in this matter. *See* March 1 Letter at 1 n. 1. Third, any application to obtain counsel would have had no effect on Feurtado's obligation to comply with orders of this Court.

where plaintiff repeatedly delayed advancement of the case and where there was "no end in sight" to the plaintiff's dilatory tactics); *Jenkins v. City of New York*, 176 F.R.D. 127, 130 (S.D.N.Y.1997) (dismissal where plaintiff's delay in prosecuting the action "appears to have no ending point").

There is no time frame specifically identifying the point at which a Rule 41(b) dismissal is warranted. *See Copeland v. Rosen*, 194 F.R.D. 127, 131–32 (S.D.N.Y.2000). Thus, "[i]n extreme circumstances, a district court may dismiss a complaint for relatively short delays." *Antonios A. Alevizopoulos and Assoc., Inc. v. Comcast Int'l Holdings, Inc.*, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (citing *Lucas*, 84 F.3d at 535). In particular, a "short delay" by the plaintiff may "still properly result in dismissal if [plaintiff] had wilfully failed to comply with multiple court orders" during the course of the action. *Graham v. Sullivan*, 1999 WL 1006181, at *2 (S.D.N.Y. Nov. 5, 1999) (citing *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir.1997)). Given Feurtado's wilful failure to comply with the Court's Orders, dismissal is warranted. *See, e.g., Peart*, 992 F.2d at 461 (case dismissed where the "plaintiff's refusal to proceed to trial" caused a delay of ten days and, during the course of the action, the plaintiff violated multiple court orders and failed to confer with defendants in preparing a joint pre-trial order); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir.1980) (six month delay sufficient to warrant dismissal under Rule 41(b) where plaintiff failed to comply with multiple court orders and "failed to take any other action to move his case to trial" during that period); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissal where plaintiff failed to advance claim for a period of three months, violated several court orders, failed to respond to motions, and failed to appear at scheduled conferences); *Alevizopoulos*, 2000 WL 1677984, at *2 (plaintiff's failure to prosecute his case for nearly four months warranted Rule 41(b) dismissal where plaintiff failed to comply with numerous court orders, disregarded court deadlines, and did not respond to defendants' motion to dismiss); *Kearney v. City of New York*, 2003 WL 22682721, at *1–

*2 (S.D.N.Y. Nov. 6, 2003) (case dismissed pursuant to Rule 41(b) where plaintiff failed to respond to several of defendants' discovery requests and did not pursue her claim for a period of approximately four months) (Report and Recommendation, *adopted by* Order, filed July 28, 2004 (Docket # 14 in 02 Civ. 9741)). The Second Circuit's decision in *Alvarez, see* 839 F.2d at 932, is not to the contrary, as it reversed a dismissal where only one order had been violated, the plaintiff's previous conduct indicated that she had "timely complied with all requests of the court and the defendants" throughout the action, and her failure to comply with the order "marked the first instance of delay attributable to the plaintiff" throughout the pendency of the action. *Id.*

### 2. Notice

The Second Circuit has stated that the adequacy of notice turns on "whether [plaintiff] received notice that 'further delays would result in dismissal.'" *Norden Systems*, 375 F.3d at 255 (quoting *Martens*, 273 F.3d at 180). Here, the Court informed Feurtado on two occasions that his failure to comply with this Court's Orders requiring submission of pre-trial materials could result in dismissal of his case. *See* October 4 Order at 1; October 27 Order at 1. Moreover, the defendants have sought the instant dismissal, *see* Nov. 10 Letter at 1—a request that has gone unopposed by Feurtado. Thus, the notice factor strongly favors dismissal. *See Peart*, 992 F.2d at 462 (dismissal for failure to comply with court order directing plaintiff's counsel to submit certain pre-trial materials upheld where plaintiff's counsel "indisputably received ... notice" that the case would be dismissed if the court's order was not complied with); *Lyell Theatre Corp.*, 682 F.2d at 42 (Rule 41(b) dismissal upheld where appellant was warned on numerous occasions both by the court and by its adversary that dismissal of the action for failure to prosecute was possible); *West v. City of New York*, 130 F.R.D. 522, 525 (S.D.N.Y.1990) ("[Plaintiff] was clearly put on notice of our intent to dismiss his case if he did not proceed with discovery. Thus, his idleness ... is inexcusable."); *Hedvat v. Rothschild*, 175 F.R.D. 183, 189 (S.D.N.Y.1997) (express

warning to plaintiffs on two separate occasions that a failure to prosecute could result in dismissal of its claims supported dismissal pursuant to Rule 41(b)).

### 3. *Prejudice*

The third factor requires an assessment of "whether defendants are 'likely to be prejudiced by further delay.'" *Norden Systems,* 375 F.3d at 256 (quoting *Martens,* 273 F.3d at 180). "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre Corp.,* 682 F.2d at 43 (citations omitted).

Here, Feurtado's failure to comply with the October 4th and October 27th Orders has prevented the defendants from receiving the pre-trial order materials needed to allow this case to go to trial. The delay caused by Feurtado "will likely cause prejudice not only to defendant[s] . . . but also to this [C]ourt's ability to manage its docket." *Monge v. O'Connor,* 171 F.R.D. 55, 57 (W.D.N.Y.1997). Accordingly, this factor necessarily favors dismissal.

### 4. *Balance Between Calendar Congestion and Opportunity to be Heard*

Under the fourth factor, a court considers "the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." *Norden Systems,* 375 F.3d at 257 (citing *Martens,* 273 F.3d at 182). The Second Circuit has cautioned that "a court must not let its zeal for a tidy calendar overcome its duty to justice." *Davis v. United Fruit Co.,* 402 F.2d 328, 331 (2d Cir.1968), *cert. denied,* 393 U.S. 1085, 89 S.Ct. 869, 21 L.Ed.2d 778 (1969); *see also Lucas,* 84 F.3d at 535–36 ("There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."). Nonetheless, "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources" may require a district court to dismiss a case pursuant to Rule 41(b). *See Chira,* 634 F.2d at 668 (internal parentheses omitted); *accord Yacub v. Coughlin,* 105 F.R.D. 152, 153 (S.D.N.Y.1985) ("The court cannot permit this litigant, or any litigant, to abuse its scarce resources while many others, desirous and deserving of relief, must patiently await their turn.").

Here, the fact that Feurtado repeatedly disobeyed court orders vastly diminishes his right to have his claim heard by this Court. *See Dodson v. Runyon,* 957 F.Supp. 465, 470 (S.D.N.Y.1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"), *aff'd,* 152 F.3d 917 (2d Cir.1998); *Lukensow,* 124 F.R.D. at 67 (where "dismissal results from plaintiff's own conduct" plaintiff cannot assert that his right to due process is violated as a result of the dismissal); *Lediju v. New York City Dep't of Sanitation,* 173 F.R.D. 105, 111 (S.D.N.Y.1997) (dismissal pursuant to Rule 41(b) warranted where "[plaintiff] has chosen not to" litigate his claim despite being "afforded every opportunity" to do so). Because Feurtado has made no effort to comply with the Court's directives or to prosecute his action, it would be unfair to the numerous other litigants who await the attention of this Court to permit Feurtado's suit to remain on the Court's docket.

### 5. *Consideration of Lesser Sanctions*

The fifth and final factor pertains to "whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay." *See Norden Systems,* 375 F.3d at 257 (citing *Martens,* 273 F.3d at 182). Here, lesser sanctions would not be appropriate. Feurtado's repeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address Feurtado's conduct. *See Chira,* 634 F.2d at 666 (rejecting plaintiff's contention that dismissal under Rule 41(b) was "too harsh a remedy" in light of the plaintiff's "complete intransigence in the face of a clear court order"); *Smith v. Human Res. Admin. of New York City,* 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding that sanctions short of dismissal were "not appropriate" in light of the fact that "[c]ourt orders and direction have not prompted plaintiff to move her case forward"); *Alevizopoulos,* 2000 WL 1677984, at *4 (lesser sanctions not warranted where "[plaintiff] has repeatedly failed to abide by

the [c]ourt's orders, even when the [c]ourt has granted [plaintiff] extensions and second chances"). Feurtado was twice warned that he must submit the pretrial order materials. Even the threat of dismissal of his suit was insufficient to cause him to comply with the Court's order. There is no reason to believe that any sanction short of dismissal would be effective.

### C. Summary

While courts should be "especially hesitant to dismiss for procedural deficiencies where ... the failure is by a *pro se* litigant," *Lucas*, 84 F.3d at 535 (citing *Minnette*, 997 F.2d at 1027), this Court has no such hesitation here as Feurtado's deficiencies are glaring, he was warned of the consequences of disobeying the Court's Orders, and his conduct has effectively prevented this case from going forward. In the almost two years during which this action has been pending, Feurtado has failed to comply with discovery requests, inexcusably failed to appear at a scheduled deposition, failed to respond to motions filed by the defendants, and disregarded multiple orders of this Court. He has not even opposed the defendants' request that this case be dismissed for failure to prosecute. Under these circumstances, dismissal is appropriate.

### Conclusion

For the foregoing reasons, this action is dismissed with prejudice pursuant to Fed. R.Civ.P. 41(b). The Clerk is requested to enter judgment in favor of defendants and to close this case.

SO ORDERED